Although the name of the corporation is used as one of the applicants in this matter, the opposing papers show clearly that it is so used without authority, and that George Lewis, Jr., is in fact the only applicant.
The statute (1 R.S. 603, § 5) under which the application is made, authorizes the proceeding to be instituted by any person, or persons, or body corporate that may "be aggrieved by, or complain of" any election. This does not mean that any person whomsoever who chooses to make a complaint may institute the proceeding, but it must be some person whose rights have been infringed, and who is justly entitled to complain. *Page 3 
We do not think that the applicant Lewis occupies this position. The pretended election, which was set aside by the order appealed from, took place on the 6th day of May, 1881. That was the day appointed by the by-laws of the company for holding the annual election of directors; but the company being then in the hands of a receiver, no preparation had been made for holding an election, and no notice thereof had been given. On the day last named, William L. Burt and a Mr. Howlett, two of the stockholders of the company, met at the office of the receiver, during his absence, without any previous notice of any meeting of stockholders, and pretended to hold the election in question. The outstanding stock of the company consisted of about eighty thousand shares, of $10 each. Mr. Burt was the holder of one share of $10, and Mr. Howlett was the holder of 50 shares of $10 each, on the books of the company. They assumed to organize themselves into a stockholders' meeting, Mr. Howlett being made chairman on motion of Mr. Burt, and Mr. Burt being made secretary on motion of Mr. Howlett, no other stockholders taking part in the proceedings. They assumed to appoint three persons as inspectors, and Mr. Burt voted on his one share, and Howlett on his fifty shares, for thirteen persons as directors, and the so-called inspectors thereupon made a certificate that the persons so voted for had been duly elected directors of the company. At this time the applicant Lewis was not in any form a stockholder of the company, nor has he since become a stockholder on its books, but soon after the 6th of May, 1881, and before the institution of this proceeding, the counsel for Burt and Howlett took to Lewis a certificate for twenty-one shares of $10 each, which Howlett had bought at the request of Burt, and delivered such certificate to Lewis for money paid. This certificate is the sole foundation upon which Lewis asked the interposition of the court, to have said sham election set aside, and a new election of directors held under the direction of the court.
The application was opposed by the appellants, who were the directors in office at the time of the sham election, and *Page 4 
some of whom are large stockholders and bondholders of the company. They concede the invalidity of the pretended election of May 6, 1881, but oppose the ordering of a new election. The contest lying back of the present proceeding appears to have been whether the railroad and property of the company should be sold by the receiver, in which case it is claimed that a large sum could be realized therefor, or whether they should pass under the control of parties who had acquired a majority of the stock at merely nominal prices, and who were alleged to hold the same in the interest of a combination of other companies, with a view of procuring a transfer of the said railroad and property to the combination, on such terms that the interests of those who opposed such a transfer would be sacrificed.
Without entering into the merits of that controversy, we are of opinion that the petitioner did not present himself before the court in such a light as to justify its interposition in his behalf. He was not a stockholder or an elector; and if it be claimed that he represents those from whom he acquired his certificate of stock, the answer is that they are the very parties who committed the wrong which the court was asked to redress. It is said that the object of this proceeding is not simply to set aside the pretended election of May, 1881, but to obtain an election of directors, none having been held for several years, and that the statute (1 R.S. 603) authorizes a new election only when an illegal election has been set aside, and on this ground the order is sought to be sustained. We are not willing to concede that the law is so defective that the directors of a corporation may perpetuate themselves in office by simply omitting or causing the officers of the company to omit to call the necessary meeting of stockholders to elect a new board, and that there is no remedy in such a case unless an illegal election is held. But if it were true that an illegal election must be complained of and set aside, in order to enable the court to compel an election, the complaint should be entertained only when made by some aggrieved party who is not himself the author of the wrong complained of, and we *Page 5 
cannot sanction the device here resorted to, of holding a sham election and then applying on behalf of the very parties who conducted it, to set aside their own illegal proceeding.
The orders of the General and Special Terms should be reversed, and application denied, with costs to be paid by the petitioner Lewis.
All concur.
Ordered accordingly