(26 Misc. Rep. 147.)

### In re NORTHERN DISPENSARY.

(Supreme Court, Special Term, New York County. January, 1899.)

1. CORPORATIONS—TRUSTEES—ANNULMENT OF ELECTION—REMEDY.

Code Civ. Proc. § 1811, provides that a trustee of a corporation shall not be removed from office by a court or judge, otherwise than by a final judgment in an action brought by the attorney general, as prescribed by section 1781, to remove a trustee for abuse of his trust or misconduct. *Held*, that an action by the attorney general, under section 1948, against one who unlawfully holds or exercises an office in a domestic corporation, is not the proper proceeding to obtain the annulment of the election of a trustee of a corporation merely on the ground of his ineligibility.

2. SAME.

Under Laws 1890, c. 563, § 15, providing that the supreme court shall, on application of any person complaining of any election of any corporation, and on notice, summarily inquire into the causes of complaint, and establish the election, or order a new election, etc., the annulment of the election of a trustee of a corporation, whose ineligibility is established, may be had on a motion therefor.

Application to annul the election of Samuel Hall as trustee of the Northern Dispensary of the City of New York. Granted.

Nelson Smith, for the motion.
C. Fine, opposed.

GILDERSLEEVE, J. At a meeting of the subscribers of the Northern Dispensary of the City of New York held on January 13, 1899, a board of 50 trustees was elected for the ensuing year. One of the 50 was Dr. Samuel Hall. The petitioner herein, who is a subscriber of said dispensary, makes this motion to have annulled the election of said Dr. Hall, as such trustee, for the reason that he is not an actual resident of the city of New York. The act of the

legislature incorporating said dispensary provides, in section 4, as follows, viz.:

"There shall be forever hereafter not less than twenty-five nor more than fifty trustees (exclusive of the president and vice-presidents) of said corporation; and the said trustees shall be contributors to the said dispensary, actually resident in the city of New York." Laws 1850, c. 17.

Section 7 of said act provides thus:

"In case any of the said persons elected to be trustees of said corporation, or who shall thereafter be elected thereto, shall die, or remove from the city of New York, before the time of their appointed service shall expire, or shall refuse or neglect to act in and execute the said office, then, and in every such case, the remaining trustees of said corporation shall, within thirty days thereafter, by ballot elect another or others of the members of said corporation, instead of him, or them, so dying or removing, refusing or neglecting to act; and such person or persons as shall have the greatest number of votes at every such election shall hold their said office from the time of such election," etc.

The petitioner presents affidavits tending to show that Dr. Samuel Hall is not an actual resident of the city of New York, and was not at the time of his election, but is a resident of the town of Rye, in the county of Westchester. There is no denial on the part of Dr. Hall to this allegation, which must be assumed to be true. It therefore appears to be an established fact in the case that Dr. Hall is not eligible for the office of trustee in said dispensary. The question here presented is as to the propriety of the petitioner's proceedings. The attorney for Dr. Hall claims that the attorney general should have intervened, under section 1948 of the Code. This section provides that the attorney general may maintain an action against a person who usurps, intrudes into, or unlawfully holds or exercises, within this state, an office in a domestic corporation. Section 1811 of the Code provides that a trustee of a corporation shall not be removed from office by a court or judge otherwise than by a final judgment of a competent court, in an action brought by the attorney general, as prescribed in section 1781 of the Code. This last section provides for an action by the attorney general to remove a trustee who has abused his trust or been guilty of misconduct. No abuse of trust or misconduct is alleged against Dr. Hall, and this motion does not ask for the removal of a trustee, but for the annulment of his election, for the reason that at the time of such election, and ever since, said Dr. Hall was and is ineligible, under the provisions of the act of incorporation. It is true that it is not disputed that the election was properly held and conducted, and that it is good as to all of the other 49 trustees, elected on the same ticket with Dr. Hall; and the attorney for Dr. Hall claims that practically the motion is one for the removal of one of the trustees elected on that ticket, on the ground of his ineligibility. Section 1781 of the Code does not provide for such an action by the attorney general, even taking it to be as claimed by the attorney for Dr. Hall. That section refers to abuse of trust and misconduct, not to ineligibility, on the part of the trustee. There does not appear to be any reason for holding that, because the 49 eligible trustees were elected on the same ticket with the one ineligible trustee, an annulment of the election of the latter requires also

56 N.Y.S.—50

the annulment of the election of the former.　Chapter 563 of the Laws of 1890 (section 15) provides that:

"The supreme court shall, upon the application of any person or corporation aggrieved thereby, or complaining of any election of any corporation, or any proceedings, act or matter touching the same, upon notice thereof to the adverse party or to those to be affected thereby, forthwith and in a summary manner hear the affidavits, proofs and allegations of the parties, or otherwise inquire into the matters or causes of complaint, and establish the election, or order a new election or make such order and give such relief as right and justice may require, and may, in its discretion, order issues to be made up in such a manner and form as it may direct to try the respective rights of the parties touching the matters complained of."

Whether this motion has been instituted through spite and personal rancor, as claimed by the attorney for Dr. Hall, or not, has no bearing upon the question involved.　If the doctor is not eligible, under the provisions of the act creating the corporation, and a member of the corporation objects to such irregularity, Dr. Hall should not be allowed to continue as such trustee.　The practice of the petitioner seems to be correct, and, as he has established the ineligibility of Dr. Hall, he is entitled to a decision annulling the election of said Dr. Hall.　Section 7 of the act of incorporation, above quoted, provides that, in the case of a trustee becoming ineligible by reason of his removal from this city, the remaining trustees of the corporation shall elect another to take his place.

I am of the opinion that the motion should be granted, without costs.

Motion granted, without costs.