In the Matter of the Application for a Voluntary Dissolution of the DOLGEVILLE ELECTRIC LIGHT AND POWER COMPANY.

COMMERCIAL BANK, a Creditor, Appellant; WILLIAM S. ARMSTRONG et al., Petitioning Directors, Respondents.

1. VOLUNTARY DISSOLUTION OF CORPORATION — JURISDICTION DEPENDENT UPON PETITION OF MAJORITY OF DIRECTORS. To empower the Supreme Court to entertain a proceeding for the voluntary dissolution of a corporation, the petition presented must have been verified by a majority of the directors, in strict pursuance of the statute (Code Civ. Pro. §§ 2419, 2422).

2. STOCK CORPORATION — CHANGE IN NUMBER OF DIRECTORS. It is essential to the legal increase or reduction of the number of directors of a stock corporation, that a transcript of the minutes of the stockholders' meeting at which the change was determined upon shall have been filed in the offices where the original certificates of incorporation were filed, as provided by section 21 of the Stock Corporation Law (L. 1892, ch. 688).

*Matter of Dolgeville El. L. & Power Co.*, 41 App. Div. 624, reversed.

(Argued October 2, 1899; decided November 21, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 19, 1899, affirming two orders of the Special Term in a proceeding for the voluntary dissolution of a corporation, one confirming the report of a referee and dissolving the Dolgeville Electric Light and Power Company, the other denying an application of the Commercial Bank, a creditor of the corporation, to dismiss the proceedings.

The facts, so far as material, are stated in the opinion.

*Horace McGuire* for appellant. The court acquired no jurisdiction to make an order dissolving this corporation, unless the petition presented was verified by a majority of the directors of the corporation. (Code Civ. Pro. § 2419; *Matter of B. S. & F. Co.*, 34 Hun, 369; *Jameson* v. *H. F. Ins. Co.*, 14 App. Div. 380; *Chamberlain* v. *R. S. P. V. Co.*, 7 Hun, 557; *Magee* v. *Geneseo Academy*, 17 N. Y. S. R. 221; R. S. [9th ed.] 272, § 23; L. 1848, ch. 40; L. 1860, ch. 269; L. 1875, ch. 611.)

*Myron G. Bronner* for respondents. The petition upon its face stated facts sufficient to give the court jurisdiction to dissolve the corporation. (L. 1860, ch. 260; L. 1867, ch. 248; L. 1878, ch. 316; L. 1881, ch. 422; *People ex rel.* v. *Foley*, 148 N. Y. 677; *Wallace* v. *Walsh*, 52 Hun, 328; 125 N. Y. 26; *Matter of N. Y. E. R. R. Co.*, 70 N. Y. 338; *U. S.* v. *Throckmorton*, 98 U. S. 66; *U. S.* v. *Gleason*, 90 Fed. Rep. 778.)

PARKER, Ch. J. In this proceeding, taken for the purpose of winding up the affairs of the Dolgeville Electric Light and

Power Company on the ground of its insolvency, the point was seasonably and properly made by the Commercial Bank, a creditor, that the court had no jurisdiction to make the ·order dissolving the corporation, inasmuch as the petition presented to the court was not verified by a majority of the directors of the corporation. The point was well taken if it was the fact that the petition had not been verified by a majority of the directors; for this is a purely statutory proceeding, and the court has no power except such as is conferred by the statute, which must be strictly pursued; and section 2419 of the Code provides that the petition to be presented to the Supreme Court, praying for a final order dissolving a corporation, must be verified by a majority of the directors.

We come, then, to the question whether the petition was signed by a majority of the directors of the corporation; and the necessity for special inquiry is due to the fact that something more than a year before the petition was filed an attempt had been made to reduce the number of the directors of the corporation from thirteen to five, and the question of law presented is, whether that attempt became effective prior to the institution of this proceeding. A brief recital of the facts. will present the point that we are to decide.

The certificate of incorporation of the company provided that the number of directors should be thirteen, and thirteen directors were annually elected and continued to act for the corporation until January 1st, 1898, about six months before the commencement of this proceeding. Nearly a year prior thereto,· and on the 13th of February, 1897, at a special meeting of the stockholders of the corporation, duly called for such purpose, the following resolution was adopted: "Resolved, that the number of directors of The Dolgeville Electric Light and Power Company be and is reduced from thirteen, the present number, to five," but a transcript of the proceedings, verified by the president and the secretary of the meeting, was not filed where the original certificates of incorporation were filed, as provided by § 21 of the Stock Corporation Law, and the thirteen directors continued to act as such during the

remaining portion of the year 1897 and down to the 19th day of January, 1898, at which time the stockholders elected five directors, four of whom were directors at and previous to such election. The rest of the old directors had been serving continuously from the adoption of the resolution reducing the number of directors, passed during the previous February, and if the resolution reducing their number had not taken effect because of a failure to comply with the statute in substantial respects they were lawfully serving and in office on the 19th of January, 1898. The omission to re-elect them, or to elect others in their place as directors, had the legal effect to continue them in office. (Gen. Corp. Law, Rev. Stat. [9th ed.] 272.) The petition presented to the court, therefore, praying for a dissolution of the corporation, signed by only four of the directors, was not signed by a majority of the directors of the corporation, unless the reduction of the number of directors to five had been legally accomplished.

The statutory provisions regulating the increase or decrease of the number of directors of a corporation, required the calling of a meeting of the stockholders and authorized the determination of the question by the vote of those owning a a majority of the stock, and then provided that " The proceedings of such meeting shall be entered in the minutes of the corporation and a transcript thereof, verified by the president and the secretary of the meeting shall be filed in the offices where the original certificates of incorporation were filed."

After careful examination of the origin and history of the statute and due consideration of the object which the legislature aimed to accomplish by the several steps which it requires shall be taken to effectuate an increase or reduction in the number of directors, we have concluded that it must be held that the number of directors of the Dolgeville Electric Light and Power Company was not reduced until after the filing of the transcript of the minutes of the corporation with the secretary of state and the county clerk, and as that was not done until after these proceedings were instituted, it follows that

the petition presented to the court was not signed by a major-
ity of the directors, and, therefore, the court was without
jurisdiction to make any order in the premises.

The order should be reversed and proceedings dismissed,
with costs.

All concur.

Order reversed, etc.