In the Matter of the Election of Directors of the WESTCHESTER TRUST COMPANY.

CORPORATIONS — REDUCTION OF NUMBER OF DIRECTORS — STOCK CORPORATION LAW, § 21. A resolution to reduce the number of directors of a stock corporation under section 21 of the Stock Corporation Law (L. 1890, ch. 564, amd. L. 1905, ch. 750) does not take effect until the date of the filing in the proper offices of the transcript of the proceedings of the meeting at which the resolution was adopted; the simple adoption of the resolution is insufficient to reduce the number of directors; nor does a subsequent filing relate back so as to give effect to a resolution not operative of itself.

*Matter of Westchester Trust Co.*, 114 App. Div. 856, reversed.

(Submitted October 2, 1906; decided October 16, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered July 24, 1906, which affirmed an order of Special Term denying an application for a review of the election of directors of the Westchester Trust Company.

The facts, so far as material, are stated in the opinion.

*Gerard B. Townsend* for appellant. As the term of a class of eight directors expired on the day of the annual meeting, the election of eight persons to fill their places was required, unless the number of directors had theretofore been reduced. (L. 1904, ch. 607, § 161.) The vote at the annual

meeting to reduce the number of directors did not become effective until the transcript of the proceedings of such meeting, duly verified, was filed in the offices of the county clerk and superintendent of banks, where the original certificate incorporating the company had been filed. (L. 1905, ch. 750, § 21; *Matter of D. E. L. & P. Co.*, 160 N. Y. 500.)

*Ralph E. Prime, Jr.*, for respondent. The petition in the case at bar absolutely fails to state or allege a single fact tending to show that the proceedings complained of are illegal, or that any necessary step to accomplish a valid reduction in the number of directors was omitted or defectively performed, or that any statutory provision was violated. (L. 1892, ch. 687; *Wallace* v. *Walsh*, 125 N. Y. 26.)

Willard Bartlett, J. This is a proceeding to establish the election of the appellant as a director of the Westchester Trust Company. It was instituted under section 27 of the General Corporation Law (Laws of 1890, chap. 563), which reads as follows: "The supreme court shall, upon the application of any person or corporation aggrieved by or complaining of any election of any corporation, or any proceeding, act or matter touching the same, upon notice thereof to the adverse party, or to those to be affected thereby, forthwith and in a summary way, hear the affidavits, proofs and allegations of the parties, or otherwise inquire into the matters or causes of complaint, and establish the election or order a new election, or make such order and give such relief as right and justice may require." This provision is derived from 1 Revised Statutes 603, section 5, of which it is a substantial re-enactment. (*Matter of Syracuse, Chen. & N. Y. R. R. Co.*, 91 N. Y. 1; *Matter of Petition of Argus Co.*, 138 N. Y. 557.)

In January, 1906, the directors of the Westchester Trust Co. undertook to decrease the number of directors of that corporation from twenty-five to twenty by the method prescribed in section 21 of the Stock Corporation Law (Laws of 1890, chap. 564, as amended by Laws of 1905, chap. 750). A

meeting of the stockholders was duly called pursuant to the requirements of that section, and at such meeting, which was held on January 17th, 1906, a resolution was adopted providing for a reduction of the number of directors to twenty. If this resolution became effective immediately upon its adoption there would have been only five directors then to be elected for a term of three years each; whereas, if it did not take effect until the filing of a transcript of the proceedings in the offices where the original certificates of incorporation were filed, it would · have been the duty of the stockholders to choose six directors for a three years' term. Votes were actually cast for six ·directors. Five of them received over two thousand votes each, while the appellant, who was the only other person voted for, received 158 votes, these being cast by a representative holding his proxy. The contention of the respondent is that the votes cast for the appellant must be disregarded inasmuch as the reduction in the number of directors had taken effect before the election, while, on the other hand, the appellant contends that the filing of a transcript of the proceedings in the proper offices was essential to make the proposed reduction operative, and inasmuch as such transcript had not been filed, it was incumbent upon the corporation to choose six directors, and he must be deemed to have been duly elected.

The requirement of section 21 of the Stock Corporation Law in regard to the filing of the transcript is as follows : · " The proceedings of such meeting shall be entered in the minutes of the corporation and a transcript thereof, verified by the president and secretary of the meeting shall be filed in the offices where the original certificates of incorporation were filed." ' The offices where the original certificates of incorporation were filed were the office of the county clerk of Westchester county and the office of the superintendent of banks at Albany. The transcript does not appear to have been filed in either place until January 27, 1906, ten days after the meeting at which the resolution was adopted. The papers read at Special Term in behalf of the respondent state that

one of these transcripts was filed in the office of the secretary of state, which would not have been the proper office; but the learned counsel for the respondent in his supplementary brief asserts that this statement was a clerical error, and that a transcript was filed as required by law in the office of the superintendent of banks. I shall assume such to be the fact, since in the view which I take of the law it can make no difference in the disposition of this appeal.

It is clear that a resolution to reduce the number of directors of a stock corporation under section 21 of the Stock Corporation Law does not take effect unless a transcript of the proceedings of the meeting at which the resolution was adopted shall subsequently be filed in the proper offices. If the transcript is never filed the resolution never becomes operative. It is also settled that such a resolution does not go into effect *until* the filing of the transcripts. In *Matter of Dolgeville Electric Light & Power Co.* (160 N. Y. 500) it was held to be essential to the legal reduction of the number of directors of a stock corporation that a transcript of the minutes of the stockholders' meeting at which the reduction was resolved upon should be filed in the offices where the original certificates of incorporation were filed. The proceeding there under consideration was an application for the voluntary dissolution of a stock corporation. Before the application a resolution that the number of directors be reduced from thirteen to five had been duly adopted at a special meeting of the stockholders, but a transcript of the minutes of that meeting had not been filed in the proper offices at the time when the proceedings for voluntary dissolution were instituted. The petition was verified, not by a majority of thirteen directors, but only by a majority of five, and this court held that it was insufficient to give the Supreme Court jurisdiction to entertain the application inasmuch as the filing of a transcript of the minutes of the stockholders' meeting at which the change was determined upon must have been filed in order to bring about the reduction under the statute.

In the Appellate Division the *Matter of Dolgeville Electric Light & Power Co.* (*supra*) was distinguished from the case at bar on the assumption that the transcript in the former case was never filed, and it was held that the filing of the transcript in this matter related back to the meeting of the stockholders and thus made the resolution of reduction effective at the time of the election.   The learned court was mistaken, however, in assuming that the transcript was never filed in *Matter of Dolgeville Electric Light & Power Co.* It appears from the opinion of PARKER, Ch. J., in that matter (160 N. Y. 503), and also from the record on appeal that the transcript was in fact filed in the proper offices after the proceeding for the voluntary dissolution of the corporation had been instituted.   If the doctrine of relation were applicable here it is difficult to perceive why it was not equally applicable in that case, and yet the court there refused to hold that the subsequent filing gave validity to the dissolution proceedings.

A careful consideration of the provisions of section 21 of the Stock Corporation Law convinces me that the number of directors cannot be deemed to be reduced until the date of filing the transcripts.   Any other construction of the statute would inevitably lead to doubt and confusion.   If the simple adoption of the resolution is pronounced sufficient to reduce the number of directors, then the statutory requirement as to the filing of the transcripts becomes nugatory; and if it be held that a subsequent filing relates back so as to give effect to a resolution not operative of itself, months might elapse as was the case in *Matter of Dolgeville Electric Light & Power Co.*, during which the stockholders would be uncertain as to whether a reduction had actually been brought about or not. My conclusion is that there was no reduction in the number of directors of the Westchester Trust Company until the transcript of the stockholders' meeting, at which such resolution was adopted, was actually filed in the office of the county clerk of Westchester county and in the office of the superintendent of banks.   It follows that there were six directors to be chosen at the meeting of January 17th, 1906, and as only six persons

were then voted for, and the appellant was one of those persons, he is entitled to have his election as a director established.

The order of the Appellate Division should be reversed and the application of the appellant granted.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WERNER and CHASE, JJ., concur.

Order reversed, etc.