JOHN R. HEGEMAN

*v.*

ATLANTIC RUBBER SHOE COMPANY.

[Submitted July 3d, 1907.   Decided July 10th, 1907.]

A receiver of a corporation will not be appointed under sections 56 and 57 of the General Corporation act empowering the court of chancery to appoint a receiver of a corporation which has been dissolved, where it appears that the corporation was being dissolved by the stockholders, in accordance with the provisions of section 31 of the same act, and that the bill was filed eleven days after the stockholders' meeting held for that purpose, but before the stockholders' consent and statutory certificate had been filed in the office of the secretary of state, there being no allegation of the insolvency of the corporation or maladministration on the part of its directors.

---

On motion for the appointment of a receiver for the Atlantic Rubber Shoe Company.   On bill, answer and affidavits.

*Mr. Frank P. McDermott* and *Mr. Eldon Bisbee* (of the New York bar), for the complainant.

*Mr Sherrerd Depue* and *Mr. J. Frederick Eagle* (of the New York bar), for the defendants.

HOWELL, V. C.

The bill in this case is filed by a stockholder of the Atlantic Rubber Shoe Company, who sues on behalf of himself and all other stockholders who are similarly situated; he prays for the

appointment of a receiver for that corporation which is now being dissolved by the stockholders in accordance with the provisions of section 31 of the Corporation act of 1896.

On April 8th, 1907, the board of directors adopted a resolution in the usual form declaring that it was advisable that the corporation should be dissolved, and calling a meeting of the stockholders to consider the same, which meeting was held on May 8th, 1907. Thereat more than two-thirds in interest of the stockholders appeared and consented that a dissolution might take place, and signified their consent thereto in writing. Eleven days thereafter the bill was filed. It was stated on the argument that the stockholders' consent and the statutory certificate had not been filed in the office of the secretary of state, and it is alleged in the bill that the remaining proceedings after the stockholders' meeting were being taken by the officers and directors of the corporation; in other words, it appears not only by the bill, but also by the statements of counsel on the argument that the bill was filed shortly after the stockholders' meeting and before any other proceedings looking to the dissolution of the corporation had been taken.

The defendants are the Atlantic Rubber Shoe Company and the persons who compose its board of directors. The relief prayed is that the complainant and the other stockholders and creditors of the company may be paid what is justly due them, and that the company and its officers and directors may be enjoined from exercising any of the company's rights or franchises, and from receiving any debts due to it, and from paying or transferring any of its money or effects, and from continuing its business in any way, and that a receiver may be appointed according to the form of the statute in such case made and provided, and the practice of the court, and for general relief. It will be observed that the prayer is in the form generally used in applications to wind up an insolvent corporation through the agency of the statutory receiver.

The bill contains many allegations which the complainant claims tend to show that the present board of directors are not acting in the interest of the company or its shareholders. These statements are urged as a reason why the present directors should

be displaced and the receiver prayed for appointed. There is no specific prayer that any of the acts of the corporation or its directors which are thus complained of may be declared to be fraudulent as to creditors or stockholders, or even injurious to them except in the slightest degree, nor any prayer that any such acts be annulled or abrogated, or that the directors should account therefor. The frame of the bill and the prayer is not proper for an appeal to the general equity powers of the court. There is no allegation of insolvency. On the contrary, the bill shows that the corporation has in the bank much more than enough money to pay the full outstanding debts.

The theory of the bill is that the proceedings already taken by the corporation looking to a destruction of the corporate entity amount to a dissolution, and that such dissolution, so called, gives this court authority to unseat the present directors for the reasons stated in the bill, and to appoint an indifferent person receiver to wind up the company's affairs.

The statute (section 56) prescribes that—

"When any corporation shall be dissolved in any manner whatever the court of chancery, on application of any creditor or stockholder, at any time may either continue the directors, trustees * * * or appoint one or more persons to be receivers of such corporation to take charge of the estate and effects thereof," &c. [Section 57] : "The court of chancery shall have jurisdiction of such application and of all questions arising in the proceedings thereon."

The answer of the defendants (paragraph 4) claims that the company has not been dissolved, and that there can be no dissolution until the filing with the secretary of state of the certificate and consent of the stockholders, the publication of the secretary of state's statutory certificate, and the filing of an affidavit of such publication according to the statute, and that this court has no power or jurisdiction to appoint a receiver under the bill as framed, which objection they pray they may have the same advantage of as if they had pleaded or demurred on that ground. This objection raises the question of jurisdiction, which must be considered as a preliminary question, because if the court has no jurisdiction of the cause, for the reason stated in the objection, no provisional relief can be awarded to the com-

plainant; yet even this question cannot finally be disposed of on this motion; for its final determination the parties must await the final hearing. If, however, the objection is of such force and weight as to render extremely doubtful the right of the complainant to the provisional relief prayed for, then under well-known principles such relief cannot be granted.

I shall shortly refer to the sections of our Corporation act which relate to the voluntary dissolution of corporations by the acts of the directors, stockholders and officers, and I may say, first, that the proceedings prescribed by our statute for such voluntary dissolution take the place of one of the common-law methods of surrendering corporate franchises, and that the acts required of the state and corporation officers were intended to and do amount to a tender to and acceptance of such surrender by the sovereign power. Section 31 of our Corporation act provides that whenever in the judgment of the board of directors it shall be deemed advisable and most for the benefit of such corporation that it should be dissolved, the board, after adopting a resolution to that effect, shall call a meeting of the stockholders to take action upon the directors' resolution, and "if at any such meeting two-thirds in interest of all the stockholders shall consent that a dissolution shall take place, and signify their consent in writing, such consent * * * shall be filed in the office of the secretary of state, who * * * shall issue a certificate that such consent has been filed," which certificate must be published as directed, "and upon filing in the office of the secretary of state of an affidavit that said certificate has been so published the corporation shall be dissolved," &c. But while this section declares what proceedings shall be taken to effect the dissolution, section 53 provides that such dissolved corporation shall be continued a body corporate for the purpose of prosecuting and defending suits and of enabling it to settle up and close its affairs and dispose of and convey its property and to divide its capital, and (section 54) that upon dissolution in any manner the directors in office at the time of the dissolution shall be trustees of such corporation, with full power to settle the affairs, collect the debts, dispose of the property and divide the assets after payment of its debts. The directors so constituted trustees (section

55) may recover the debts and property in the name of the corporation, and they shall be suable either by the corporate name or in their own name for the corporate debts, and they are jointly and severally responsible for the debts to the amount of the assets which shall come to their hands.

The proceeding prescribed for the voluntary dissolution of corporations is wholly statutory, and, unless strictly followed, serious results may ensue. The various steps are plain and simple. The defendants assert that there can be no dissolution until the last step shall have been taken. The complainant asserts that as soon as a two-thirds majority of the stockholders shall have signed their consent to the dissolution the dissolution is practically effected, so that the court of chancery may take jurisdiction of the proceeding under sections 56 and 57 of the Corporation act.

*In the matter of the voluntary dissolution of the Dolgeville Electric Light and Power Co., 160 N. Y. 500,* the point was made that the court had no jurisdiction to make the order dissolving the corporation, inasmuch as the petition presented to the court was not verified by a majority of the directors as was required by the statute. Chief-Judge Parker says: "The point was well taken, if it was the fact that the petition had not been verified by a majority of the directors, for this is a purely statutory proceeding, and the court has no power except such as is conferred by the statute, which must be strictly pursued. And section 2419 of the code provides that the petition to be presented to the supreme court praying for a final order dissolving the corporation must be verified by a majority of the directors."

Manifestly this must be true, because not only are the rights of the assenting stockholders to be considered, but also the rights of the minority and dissenting stockholders and the rights of the creditors; also the relations between the stockholders and the corporation, and the relation between the corporation and the state, and the changes in the rights, powers and duties of directors into those of trustees, because I take it to be true that unless the corporation is dissolved strictly in accordance with the statute there probably can be no valid dissolution, because

there would then be no acceptance by the state of the surrender of the corporate franchises. Thus the relations between the state and the corporation might be held to continue. The corporation might be held to be still liable to the state for franchise taxes and for the performance of all the other obligations which it owes to the state.

This argument throws light upon the real question involved in this case, which is, when does the dissolution take effect? When may this court intervene under the authority given to it by section 56 of the Corporation act?

The statute itself says that this may be done "when any corporation shall be dissolved in any manner whatever." Section 31 provides that the corporation shall be dissolved upon filing in the office of the secretary of state of a certain affidavit. If this court may intervene at the point now reached in these proceedings, why may it not have intervened at an earlier stage, in fact, as soon as the board of directors had passed their resolution, or as soon as the stockholders' meeting had been called?

In my view this court cannot avoid or evade the plain words of section 31, which provides, as above stated, that *upon filing the affidavit* that the certificate of the secretary of state has been published as required by law *the corporation shall be dissolved,* and I do not think that the corporation is dissolved until that final step shall have been taken, and this I think is the practical interpretation that has been given to the statute by the bar and by the courts; while there are one or two cases in which it appears that the bill was filed for the appointment of a receiver of a corporation in process of dissolution, there does not appear to have been any adjudication in this state on the exact point.

However, as I stated before, the ultimate settlement of the question must await the final hearing. It is therefore manifest that the right of the complainant to the statutory remedy which he has invoked is extremely doubtful, and that this court in the present stage of the dissolution proceedings ought not to either appoint a receiver, and so displace the present directors, or enjoin the corporation from the transaction of its necessary business or from accomplishing its dissolution.

Inasmuch as I have reached the conclusion indicated, it is not necessary that I should at this time examine or pass upon the merits of the affidavits.