(70 Misc. Rep. 581.)

### In re GEORGE RINGLER & CO.

(Supreme Court, Special Term, New York County. December 27, 1910.)

CORPORATIONS (§ 282*)—DIRECTORS—QUALIFICATIONS—STATUTES—BY-LAWS.

   Although Laws 1901, c. 354, § 6, amending section 20 of the stock corporation law (Laws 1890, c. 564), permitted the enactment of by-laws fixing the qualifications of directors of corporations, that provision will not legalize the election of a director who is the trustee, but not the beneficial owner, of stock, even though the corporation in 1889 passed a by-law authorizing the election of a director who was the "holder or owner" of stock, for at the time the law was passed a director had to have the beneficial ownership, and that meaning of the by-law must be accepted as the present meaning.

   [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 282.*]

In the Matter of George Ringler & Co. On petition by Anna Hachemeister and others to set aside an election of directors. Petition granted upon that point.

Bowers & Sands, for George Ringler Co.
Katz & Sommerich, for administrators.

BISCHOFF, J. So far as this proceeding is based upon the ownership of five shares of stock by the petitioner, Anna Hachemeister,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

individually, she has apparently no standing. Her stock, once owned, has been transferred of record; and, without independent resort to equity to reinvest her with legal ownership, she may not maintain this statutory proceeding, whatever the equity of her claim to continued ownership as against the parties who caused the transfer to be made, where she is neither a stockholder nor a creditor.

The petitioners, as administrators c. t. a., however, may maintain the proceeding to set aside the election of October 30, 1909. While their predecessor has voted this stock at the election, there is nothing in the circumstances which affects the good faith of these parties, and no actual grounds of estoppel exist against them, or against the beneficial interest in the stock possessed by the parties whom they represent. In the Matter of Syracuse, etc., R. R. Co., 91 N. Y. 1, the facts established bad faith in the application; but the court certainly announced no rule of law that the vote of a stockholder acting in a fiduciary capacity binds a successor, where the cestuis que trustent are not cognizant of the facts, and bars all subsequent question of the validity of the election. Upon the merits of the inquiry whether the directors whose election is questioned were qualified, the weight of authority follows the rule that a director's qualification in the holding of stock involves his ownership of the beneficial interest. Chemical Bank v. Colwell, 132 N. Y. 250, 30 N. E. 644; Matter of Elias, 17 Misc. Rep. 718, 40 N. Y. Supp. 910.

While by section 6, c. 354, of the Laws of 1901, section 20 of the stock corporation law (Laws 1890, c. 564) was so amended as to permit the enactment of by-laws regulating the qualifications of directors, the only by-law on the subject was adopted by this corporation in 1889, and cannot well be given the construction, when employing the words "holder or owner" of stock, that a holder having no beneficial interest qualified. When adopted, this by-law could not have been given this interpretation, in view of the condition of the law at that time, and its meaning then is its meaning now. The petitioners are entitled to an order setting aside the election of October 30, 1909; but the court cannot review the substitution of directors to fill vacancies upon summary application. The power of review as conferred by the statute under which this application is made, is confined to a case of an election by the stockholders.

Wickersham v. Brittan, 93 Cal. 34, 28 Pac. 792, 29 Pac. 51, 15 L. R. A. 106, is a well-reasoned authority directly in point upon the construction of the statute practically identically framed, and I find no actual ground of distinction between that case and the case at bar; the question being as to the meaning of the statute in the use of the word "election," not as to the original power of the trustees to make the substitution. In Re Northern Dispensary, 26 Misc. Rep. 147, 56 N. Y. Supp. 784, cited for the petitioners, the matter reviewed was the main election, not a substitution of trustees.

Application granted as to the election of October 30, 1909; otherwise, denied.