EHRET et al. v. GEORGE RINGLER & CO. (HACHEMEISTER et al., Interveners).

(Supreme Court, Appellate Division, First Department.　May 5, 1911.)

1. MOTIONS (§ 56*)—DECISIONS—FILING ORDER—EFFECT.

An order embodying a decision and signed by a justice of the Special Term and deposited with the special deputy to the county clerk assigned to act as clerk of the Special Term, is effective, though not actually filed with the county clerk.

[Ed. Note.—For other cases, see Motions, Cent. Dig. § 67; Dec. Dig. § 56.*]

2. CORPORATIONS (§ 553*)—RECEIVERS—GROUNDS.

General Corporation Law (Consol. Laws 1909, c. 23) § 306, subd. 3, authorizing the appointment of a receiver of a corporation to preserve its assets because of the absence of any officer empowered to hold the same, does not justify the appointment of a receiver on the removal of three trustees, where there are two remaining apparently duly elected and qualified, and one of whom is vice president with power under the by-laws to transact business of the company.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2201–2216; Dec. Dig. § 553.*]

3. CORPORATIONS (§ 282*)—TRUSTEES—QUALIFICATIONS.

Stockholders of record of a corporation are prima facie qualified to act as trustees thereof, and, when apparently duly elected and qualified as trustees, they are at least de facto trustees with power to conduct the ordinary business of the corporation and take charge of its assets.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1189–1194; Dec. Dig. § 282.*]

------

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. CORPORATIONS (§ 289*)—OUSTING TRUSTEES—ORDER—DE FACTO TRUSTEES.
   A decision ousting trustees of a corporation does not become effective until an order embodying the decision is signed, and, until so signed, the disqualified trustees are trustees de facto, competent to participate in a board meeting, to accept the resignation of a trustee, and re-elect him.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1240–1245; Dec. Dig. § 289.*]

   Ingraham, P. J., dissenting.

Appeal from Special Term, New York County.

Action by George Ehret, Jr., and another, executors of William G. Ringler, deceased, against the George Ringler & Co., in which Anna Hachemeister and another, as administrators with the will annexed of Henry Hachemeister, deceased, intervened. From an order (129 N. Y. Supp.546) granting a motion for a temporary receiver, interveners appeal. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

David Leventritt, for appellants.
John M. Bowers, for respondents.

SCOTT, J. This is an appeal from an order of the Special Term appointing a receiver of the corporation known as George Ringler & Co., a going and solvent concern, carrying on a large brewing business. This action results from a contest over certain shares of stock in the corporation, the ownership of which practically involves the question of its control and management. The corporation is capitalized at $600,000, divided into 6,000 shares. This stock was owned equally by Henry Hachemeister and William G. Ringler until Henry Hachemeister died in July, 1907, leaving a will by which he appointed William G. Ringler and another his executors and trustees. Ringler alone qualified, and received letters testamentary, and he thereupon became the owner of all of the capital stock, holding 3,000 shares in his own right and 3,000 in his capacity as executor and trustee of the Hachemeister estate. The by-laws of the corporation require that there shall be five trustees each of whom must be the owner or holder of at least one share of capital stock. Ringler accordingly transferred out of his individual holdings five shares each to Mrs. Hachemeister, widow of Henry Hachemeister, deceased, and to George F. Trommer, Arthur Strauss, and Isaac Kugleman. This stock was transferred to the respective transferees upon the books of the company, and certificates of stock issued to them. These certificates they indorsed and handed them to William G. Ringler, among whose papers they were found after his death. It is conceded as to Trommer, Strauss, and Kugleman that these transfers were made merely to qualify them to be trustees, and that they never acquired any beneficial interest in the stock thus transferred to them. It is claimed by plaintiffs that the same is true as to the stock transferred to Mrs. Hachemeister, but she asserts the contrary, and the question is involved in another action now pending in this court.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William G. Ringler died January 23, 1910, leaving a will by which plaintiffs were appointed executors and trustees. They duly qualified, and letters testamentary were issued to them. Immediately upon their qualification, finding among Ringler's papers the certificate for five shares which had been issued to Mrs. Hachemeister and which she had indorsed, they transferred the shares to themselves, surrendering her certificate and taking out a new one. They also issued a certificate for five shares to John T. Wilson, and one for five shares to George Ehret, Jr. Since Mrs. Hachemeister had ceased to be a stockholder of record the trustees declared her office as trustee to be vacant, and elected John T. Wilson a trustee in her place. George Ehret, Jr., was also elected a trustee in place of William G. Ringler, deceased. Meanwhile Mrs. Hachemeister and one J. Edward Jetter were appointed administrators with the will annexed of Henry Hachemeister, deceased, and Mrs. Hachemeister began an action to enforce her claim to the absolute ownership of the five shares of stock above mentioned. The administrators c. t. a. of Henry Hachemeister, deceased, then moved at Special Term to oust all the trustees of the company on the ground that none of them were qualified, because none were, when elected, the beneficial owners of stock in the company. This motion was made under section 32 of the general corporation law (Consol. Laws 1909, c. 23), which reads as follows:

"Sec. 32. Powers of Supreme Court Respecting Elections. * * * The Supreme Court shall, upon the application of any person or corporation aggrieved by or complaining of any election of any corporation or any proceeding, act or matter touching the same, upon notice thereof to the adverse party, or to those to be affected thereby, forthwith and in a summary way, hear the affidavits, proofs and allegations of the parties, or otherwise inquire into the matters or causes of complaint, and establish the election or order a new election, or make such order and give such relief as right and justice may require."

Mr. Justice Bischoff, who heard the application at Special Term, held that a director's qualification by holding stock involves and requires his ownership of the beneficial interest therein. He accordingly held that the election of Trommer, Strauss, and Kugleman at the last stockholders' meeting on October 30, 1909, was irregular and of no effect, and enjoined these persons from further acting as trustees under such election. He did not pass upon the application as to Ehret and Wilson, because they had not been elected at a stockholders' meeting, but had been elected by the board of trustees to fill vacancies, which, as he considered, was not a matter concerning which the section above quoted conferred summary jurisdiction upon the court.

[1] An order embodying this decision was signed by the justice and deposited with the special deputy to the county clerk assigned to act as clerk of Special Term, Part 1, but, as it is said, has not yet been transmitted to the county clerk himself. It was claimed upon the argument and seems to be assumed by all parties, that an order thus deposited has not become effective, and that filing with the special deputy county clerk is not equivalent to filing with the county clerk. The contrary was distinctly held in Fink v. Wallach, 109 App. Div. 718, 96 N. Y. Supp. 543. We must assume, therefore, that the order above mentioned

was effectual to oust Trommer, Strauss, and Kugleman from their offices as trustees, and that order is not before us for review upon this appeal. This left the corporation with only two trustees, less than a quorum.

[2] The statute under which the order appealed from was made is section 306, subd. 3, of the general corporation law (formerly section 1810, Code Civ. Proc.). It provides as follows:

"A receiver of the property of a corporation can be appointed only by the court, and in one of the following cases. * * *

"Third. An action brought by the attorney general, or by a stockholder, to preserve the assets of a corporation, having no officer empowered to hold the same."

There are few precedents construing this section, but the Court of Appeals has said that it must be taken to mean just what it says (Zeltner v. Zeltner Brewing Co., 174 N. Y. 247–251, 66 N. E. 810, 95 Am. St. Rep. 574), to wit, that a receiver can be appointed under it only when there is literally no officer empowered to hold the assets, and as was said by this court in the same case:

"In the case of a domestic corporation. it is difficult to see how the subdivision could apply unless upon the sudden physical incapacity or decease of all the directors in office." Zeltner v. Zeltner Brewing Co., 79 App. Div. 136–139, 80 N. Y. Supp. 338.

The question we have to consider, therefore, is whether or not this condition of affairs has been shown to exist. As has been said, the application to oust the trustees was granted only as to three of them, leaving in office, and presumably in possession of the assets of the corporation, two trustees apparently duly elected and apparently duly qualified because they were stockholders of record when elected.

[3] Prima facie, therefore, they were qualified to act as trustees. One of them holds the office of vice president, who under the by-laws is given all the power of the president, in case the latter shall be incapacitated or disqualified for any cause, including the power to transact such business as may in his judgment be of interest to the company, and to appoint, discharge, and fix the compensation of all employés connected with the business of the companies. Assuming, but not deciding, that Trommer, Strauss, and Kugleman were disqualified to act as trustees, and were rightly ousted from office, Ehret and Wilson are qualified prima facie, have not been declared to be disqualified, and no order of ouster has been made against them. Ehret, who holds the office of vice president, after Trommer, the president, had been disqualified and ousted, succeeded to all the powers above mentioned. Whether the title of Wilson and Ehret as trustees and the title of the latter as vice president be hereafter found to be valid or not if judicially questioned, they undoubtedly now answer to the description of trustees de facto, and Ehret answers to the description of vice president de facto, and, as such, they or he have authority to conduct the ordinary business of the corporation, and to take charge of and preserve its property and funds. The authorities to support this proposition are numerous. See 10 Cyc. p. 775 et seq., and cases cited; 8 Am. & Eng. Ency. of Law, p. 777, and cases cited; Thompson on

Corporations, § 1117; Cook on Corporations, § 713. In my opinion, however, the corporation had when the application for the present order was made yet a third trustee. It is alleged in the complaint that:

"On or about the 28th day of November, 1910, the said George F. Trommer resigned as director and president of said corporation, and on said date was re-elected director and president of said corporation to fill the vacancy caused by his said resignation; that on said 28th day of November, 1910, and for a long time prior thereto, Mr. Trommer, as one of the trustees and executors of the said William G. Ringler, deceased, was properly qualified to serve as a director of said corporation."

[4] The date given as that of the re-election of Mr. Trommer was before the order of ouster had been signed, but after the decision of the motion had been handed down. That order did not become effective until signed, and until so signed the disqualified trustees remained trustees de facto, and therefore competent to participate in a board meeting, accept the resignation of Trommer, and re-elect him. Whether this last view be accepted or not, it is clear that the statute relied on to sustain the order appealed from is inapplicable, because it cannot be said that the corporation has no officers, de facto or de jure, empowered to hold its assets.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

LAUGHLIN, CLARKE, and MILLER, JJ., concur.

INGRAHAM, P. J. I do not concur in the reversal of this order. It seems to me that the situation here presented is just that contemplated by subdivision 3 of section 306 of the general transportation law, which was formerly section 1810 of the Code of Civil Procedure. By that provision the court was authorized to appoint a receiver of a corporation to preserve the assets of a corporation having no officer empowered to hold the same. By the decision of Mr. Justice Bischoff three of the directors of the corporation were held to be not stockholders, and therefore not qualified to act as directors, and they were in consequence removed. This left the corporation with but two directors who did not constitute a quorum who could control the corporation. The same disqualification applied to the remaining directors, and, if this decision of Mr. Justice Bischoff was correct, they were also disqualified from acting either as directors or as officers of the corporation. The fact that they were de facto directors or de facto officers if not qualified to act as such would impose serious responsibility upon them if they attempted to act in the name of the corporation, and, so long as the order of Mr. Justice Bischoff stood unreversed, I do not think it could be said that they were directors of the corporation empowered to hold its assets. Considering the character of the business in which this corporation is engaged, I think the court was justified in appointing a receiver to preserve its property and carry on its business, and that the order should be affirmed.