(74 Misc. Rep. 588.)

### MESSINGER v. ANTOKOLITZ et al.

(City Court of New York, Trial Term. December, 1911.)

1. NEW TRIAL (§ 71*)—GROUNDS—INSUFFICIENCY OF EVIDENCE.

    In an action for false representations as to the amount of corporate indebtedness, inducing a sale of corporate stock, a verdict for plaintiff will not be set aside where the evidence as to the indebtedness and false representations is conflicting.

    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 144, 145; Dec. Dig. § 71.*]

2. NEW TRIAL (§ 143*)—PROCEEDINGS TO PROCURE—AFFIDAVIT—SUFFICIENCY.

    An affidavit by a defendant that a juror informed him, in the presence of another juror, that the jurors were told while deliberating upon their verdict that one of their number had visited the premises where defendants carried on their business, and that the premises were not the size or dimensions testified to, and that the jurors were greatly influenced by what was told them by the juror who visited the premises, and that they based their verdict principally, if not entirely, upon what he said, is insufficient to authorize the court in its discretion to set aside the verdict for misconduct of the juror.

    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 290–296; Dec. Dig. § 143.*]

Action by Usher Messinger against Solomon Antokolitz and another. Motion to set aside a verdict and for a new trial. Denied.

Joseph A. Whitehorn, for plaintiff.
Schleider & Schleider, for defendants.

FINELITE, J. The jury rendered its verdict in favor of the plaintiff for the sum of $730, whereupon the defendants immediately moved to set it aside on all the grounds stated in section 999 of the Code of Civil Procedure. This motion the court entertained. It appears from the facts herein that on January 10, 1911, the defendants induced the plaintiff to purchase a certificate of stock of the Strictly Jewish Bologna Company, a corporation doing business in the city of New York; that certain representations were made by the defendants at the time said plaintiff paid his money for the purchase of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

the certificate of stock. Fraud was alleged, and representations were made by defendants, that its indebtedness was only $2,900.

[1] The evidence as to the indebtedness and fraudulent representations was conflicting in so far that a question of fact was presented by the evidence for the jury to decide. Where there is a fair conflict in the evidence, where there are witnesses on either side whose credibility is to be determined, especially where witnesses are parties to or interested in the action, where there are documents, papers, and letters and circumstances sworn to by witnesses the effect of which is to be determined and the inferences from which are to be drawn, the question of fact must be determined by the jury and not by the court. These principles of law are so well settled that they are now elementary. And where the evidence in a case is so evenly balanced that reasonable men might differ as to the inference to be drawn therefrom, and it is fairly submitted to a jury, the court may not in the exercise of its discretion set aside the verdict reached as against the weight of evidence. Layman v. John Anderson & Co., 4 App. Div. 124, 38 N. Y. Supp. 883; Von Der Born v. Schultz, 104 App. Div. 94, 93 N. Y. Supp. 547; Cox v. Halloran, 82 App. Div. 639, 640, 81 N. Y. Supp. 803.

[2] The defendant Antokolitz moves separately to set aside the verdict upon the ground that he was informed by juror No. 4 in the presence of juror No. 5 that they were told in the presence of the other members of the jury that when they were deliberating upon the case in the jury room one of the jurymen had stated that he had visited the premises where said defendants had carried on their business, and that said premises were not the size or dimensions as testified by one of said defendants herein; that said juror No. 4 and the other jurors were greatly influenced by what was told them by the said juror; and that he and the other jurors had based their verdict as rendered herein principally, if not entirely, upon what the said juror had stated.

It is true that said juror went beyond his powers, rights, and duties. in visiting the premises of his own volition, and without instructions. by the court or by consent of the attorneys in the action. But the court is remediless to set aside the verdict on the ground urged. In Dalrymple v. Williams, 63 N. Y. 361–363, 20 Am. Rep. 544, Allen,. J., writing on this question, said:

"There are reasons of public policy why jurors should not be heard to impeach their verdicts, whether by showing their mistakes or their misconduct. Neither can they properly be permitted to declare, with a view to affect their verdict, an intent different from that actually expressed by the verdict as rendered in open court. In early times the pains and penalties visited upon jurors for false verdicts furnished an additional reason why they should not be allowed to impeach them. Watts v. Brains, Cro. Eliz. 778. But the rule is well established, and at this day rests upon well-understood reasons of public policy as connected with the administration of justice, that the court will not receive the affidavits of jurymen to prove misconduct on their part, or any act done by them which could tend to impeach or overthrow their verdict. This rule excludes affidavits to show mistake or error of the jurors in respect to the merits, or irregularity or misconduct, or that they mistook the effect of their verdict and intended something different."

The cases of Clum v. Smith, 5 Hill, 560, Ex parte Caykendoll, 6 Cow. 53, People v. Columbia Common Pleas, 1 Wend. 297, Jackson v. Williamson, 2 T. R. 281, Davis v. Taylor, 2 Chitty, 268, Vacse v. Delavil, 1 T. R. 11, Castle v. Greenwich F. Ins. Co., 45 N. Y. Supp. 901, and Moses v. C. P. N. & E. R. R. Co., 3 Misc. Rep. 322, 23 N. Y. Supp. 23, hold to the same effect. In People v. Columbia Common Pleas, supra, Savage, Chief Justice, there said:

"The rule of England is that the courts will not suffer the jury to explain by affidavit the grounds of their verdict, or to show that they intended something different from what they found. This rule is expressly recognized in Sargent's Case, 5 Cow. 106. * * * In Jackson v. Williamson, 2 T. R. 281, the whole jury united in an affidavit that they intended to find a verdict of £61, and supposed that by finding £30 the prothonotary would, of course, add £31. * * * Yet the court refused to act upon the affidavit, saying that it would * * * be productive of infinite mischief, and it was better that the plaintiff in that cause should suffer an inconvenience than that such a rule should be introduced."

In People v. Birnbaum, 114 App. Div. 480, 483, 100 N. Y. Supp. 160, 162, the court stated:

"In his motion for a new trial, the defendant. claims that the jury were influenced by facts not proved. This claim rests upon the affidavit of the attorney for the defendant to the effect that a juror informed him, after the rendition of the verdict, that the jury understood that there were eleven other similar transactions pending against the defendant. This is hearsay evidence, and, moreover, under the well-settled rule the jurors cannot be heard to impeach their verdict."

It is the duty of the court to set aside a verdict where it is made to appear that there has been a miscarriage of justice, but, before a verdict can be nullified, the proof of misconduct should be clear and convincing, and not merely conjectural. The information conveyed by one of the jurors to the jurymen did not prejudice the rights of the defendants. The moving affidavit presented on this motion is, therefore, insufficient for the court to exercise its discretion in setting aside the verdict on the ground urged. The motion to set aside the verdict and for a new trial is therefore denied. Settle order on one day's notice.

Motion denied.