## SUPREME COURT.

### CHARLES E. HILL agt. NEWICHAWANICK COMPANY.

*Stockholders — Dividends — when and to whom payable.*

Where the directors of a corporation declared two dividends, the one payable on the day the same was declared, and the other at the *option of their agent,*

*Held,* that although no day was definitely named for the payment of the second dividend, and no time fixed for closing or opening books, to determine who otherwise would be entitled: stockholders, who were such on the day of the declaration of the dividend, are the persons who should receive it.

The person to whom scrip for stock has been delivered, with a transfer thereof, and power of attorney to perfect the transfer, is the legal owner of the stock, although the same has not been actually transferred on the books of the corporation.

*December,* 1874.

AT a meeting of the board of directors of the defendant, held on the 25th January, 1873, it was voted that a dividend of four per cent be declared, payable that day, and that another dividend of four per cent be declared payable at *option of defendant's agent.*

*C. D. Adams,* for plaintiff.

*W. H. Arnoux,* for defendant.

VAN VORST, *J.*— The declaration of both dividends was absolute; the one was payable on the day the dividend was declared, the time of the payment of the latter was left to the determination of the agent. Those dividends, to be paid out of the property and assets of the corporation, belonged and were payable to the persons who owned stock on the day the

same were declared.  In a case like the present, where no day was definitely named for the payment of the second dividend, and no time fixed for closing or opening the books, to determine who otherwise would be entitled, with reference to which all interested might understandingly act, it would seem just to regard stockholders, who were such on the day of the declaration of the dividend, as the persons who should receive it.

Any other construction might put it in the power of the person upon whom the option was cast to fix the day of payment, to unnecessarily postpone the same, by which he might reap advantage to himself, through purchases of stock, at a price depreciated through such postponement (*Jones* agt. *Terra Haute & Richmond R. R. Co.* [*Supreme Court, General Term,* INGRAHAM, *J.*], 17 *How.*, 529; *Spear* agt. *Hart*, 3 *Robt.*, 420).

But on the day of the declaration of the dividends the plaintiff was not the legal owner of any stock.

The scrip for his shares had been pledged by him to the Park Bank, as a security for loans made, with a transfer thereof, and power of attorney, in 1871.

The Park Bank had the legal title to the stock under the delivery and pledge of the same, with the transfers thereof (*O'Neil* agt. *Tenth Nat. Bank*, 46 *N. Y.*, 325; *Leitch* agt. *Wells*, 48 *N. Y.*, 592).

The Park Bank, as such owner, was entitled to receive the dividends declared on the 25th January, 1873, and not the plaintiff.  The legal owner was entitled to the dividend. The directors of the defendant took no further action in regard to the dividend declared payable at the option of the agent, and on the 7th November, 1873, the agent exercised the option by paying the dividend so declared.

The sale by the Park Bank to Burleigh, in July, 1873, did not pass to him the dividend declared while it was the holder and owner of the scrip.  To have that effect, the sale of the dividend already declared should have accompanied the sale of the stock.  There is nothing in the proposal of sale of the

Hill agt. Newichawanick Company.

stock and the acceptance thereof which indicates that it was the intention of the vendor to pass the dividend to the vendee, with the stock. On the 11th February, 1873, the plaintiff, by an order in writing, directed the defendant to pay the dividend in question to the Park Bank. As the stock was then held by the Park Bank, but no transfer having been made on the books of the defendant to show that the Park Bank was owner, such direction was proper, to indicate to the defendant the person entitled to the dividend.

But on the 6th February, 1874, the plaintiff countermanded such direction, and demanded payment to himself of the dividend; and the Park Bank, who was the party legally interested in the dividend and entitled to receive it, consented to the countermand, and, by writing, authorized and directed the payment thereof to the plaintiff. The defendants, under the circumstances, should have paid the dividend to the plaintiff.

It is no excuse to the defendants that the dividend had been paid to Burleigh. He was not entitled to receive the same.

Although the legal title to the stock and the right to the dividend thereon was in the Park Bank, yet the plaintiff had still an interest therein. He could, by payment of the loans, redeem the stock. He was entitled to notice of its sale, and would have been entitled to any surplus arising on the sale over and above the loans made thereon. In the complaint the plaintiff describes himself as the owner of the stock at the time the dividend was declared, and as such entitled to the same. This, as has already been observed, was not strictly his position, as the legal title had passed from him. Yet, as no transfer had been made in the books of the defendant, he there appeared as the owner and entitled to the dividend. The only party interested to prevent the payment of the dividend to plaintiff was the Park Bank; and as the Park Bank had withdrawn all claim in favor of the plaintiff, the plaintiff is entitled to recover the same in this action, and judgment is rendered accordingly in his favor.