SAMUEL GATY, Respondent, *v.* S. N. HOLLIDAY, ADMINIS-
TRATOR, Appellant.

December 2, 1879.

1. The pledgee of stock is entitled to the dividends accruing while he holds
   the stock.
2. If the pledgeor collects the dividends from the corporation, he receives them
   to the pledgee's use, and an action to recover them will lie by the latter
   against the former.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

DRYDEN & DRYDEN, for the appellant: The pledgeor was
the owner of the stock, and as such was entitled to the
dividends.—*Dow* v. *Gould, etc., Co.*, 31 Cal. 649; *March* v.
*Railroad Co.*, 43 N. H. 520. The money not having been
paid by the corporation to the defendant for the plaintiff,
there is no privity between the plaintiff and defendant,
and the plaintiff cannot maintain the action. 1 Wheat.
Selw. Nisi Prius (2d Am. ed.), 104, 105. *Williams* v.
*Everett*, 14 East, 582; *Wedlake* v. *Hurley*, 1 Cromp. & J.
83; *Yeates* v. *Bell*, 3 Barn. & Adol. 643; *Whitehead* v.
*Peck*, 1 Kelly (Ga.), 140.

GLOVER & SHEPLEY, for the respondent: The pledgee is
entitled to the dividends. — *Kellogg* v. *Stockwell*, 75 Ill. 73.
The pledgeor, having collected the dividends, must account
to the pledgee. — Edw. on Bail., sect. 300; Tyler on
Pledges, 580, 607; *Hill* v. *Newichawanick Co.*, 48 How.
Pr. 427.

BAKEWELL, J., delivered the opinion of the court.

Gaty was the pledgee of two hundred and ninety shares
of stock of a business corporation, which stock had been de-
livered to him by defendant's intestate as collateral security
for a loan. On the death of McCune, defendant came into
possession of the certificates of stock. Plaintiff recovered
judgment against defendant for possession of the stock, to

hold as collateral; upon which, defendant surrendered the certificates to plaintiff, upon an agreement, then entered into between the parties, that plaintiff would not sell until two years had elapsed, and not without notice. Plaintiff in due time sold, and became the purchaser of the stock at that sale, which did not bring enough to pay the debt for which the stock was pledged. Between the dates of the surrender of the stock and its purchase by Gaty, two dividends were declared. Gaty demanded these dividends; but the company refused to pay them to him, and, after notice of his claim, paid them to Holliday. Holliday received the dividends, accounted for them to the Probate Court, and had paid them out to creditors of McCune's estate before the institution of this suit, which is brought to recover these dividends, and in which there was a verdict and judgment for plaintiff.

Two questions are submitted for our consideration, as presented by this record : First, it is contended that plaintiff, as pledgee of the stock, was not entitled to the dividends. Second, it is said that, even if he was entitled to the dividends, his remedy is against the corporation, and he has no cause of action against defendant.

1. The first question has been determined in this court in the case of *Merchants' National Bank* v. *Richards*, 6 Mo. App. 454. In that case the pledge was as in the case at bar ; there was a delivery of the stock with a power of attorney in blank to transfer on the books, and an assignment in blank on the back of the certificate. We held in that case that the pledgee had the right to recover from the corporation any dividends accruing whilst he held the stock. We have looked at the authorities cited by counsel for appellant, and have considered the question anew in the light of those authorities and of the reasons urged by him in support of his theory, but we have no doubt of the correctness of the conclusion reached by us in the case just referred to — that it is not only the right, but the duty of the pledgee of stock to collect all dividends accruing whilst the

stock remains in his hands. The fact that no transfer had been made on the books of the company is immaterial; and we so held in the case of *Merchants' National Bank* v. *Richards*, cited above. Edw. on Bail., sect. 300; *Hill* v. *Newichawanick Co.*, 48 How. Pr. 429; *Kellogg* v. *Stockwell*, 75 Ill. 71.

The deposit of goods to secure payment of a loan, with power of sale in case of default, creates an interest and right of property in the goods which is not a mere lien. The interest of the pawnee is an interest in the thing itself. Of course, the general property remains in the pawnor. He has such an interest in the thing pledged as he can convey to a third person, but he has no right to the goods without paying off the debt; and until the debt is paid, the pledgee has the whole present interest. *Halliday* v. *Holgate*, L. R. 3 Exch. 302; *Donald* v. *Suckling*, 7 Best & S. 783. And as the pawnee has a special interest and property in the thing itself, it would seem, of course, that he has a like interest and property in its increase in his hands. And Story quotes Pothier (Story on Bail., sect. 287): "Le créancier à qui la chose a été donnée en nantissement n'a pas le droit de s'en servir; ni, lorsque la chose est frugifère, d'en appliquer à son profit les fruits; mais il doit les percevoir en paiement et déduction de la créance; et il en doit compter au débiteur." That is to say: "The creditor to whom the thing has been given in pledge has not the right to use it, nor, if the thing is fruitful, to apply the fruits of it to his own profit; but he ought to collect the fruits in payment and deduction of the debt, and he must render an account of the increase to the debtor."

2. If plaintiff was entitled to these dividends, we have no doubt that he had an action against the defendant. Holliday was, of course, bound by the contract of McCune, and is in no other or better position in this matter than would McCune have been if, being alive, he had received these dividends, which by contract were to be received by the pledgee

of the stock. The fact that he wrongfully collected the dividends, in violation of the terms of the contract, and that he refused to assent to their payment by the corporation to Gaty, did not destroy the privity existing between Holliday and Gaty, or make Holliday a stranger to the contract. It is true that the action for money had and received cannot be maintained where no legal ground whatever can be shown for inferring a contract to pay over to the plaintiff the money received. But in the case at bar, these dividends, as we have seen, by contract between plaintiff and defendant, belonged to plaintiff as pledgee of the stock on which they were paid ; and if received by defendant from the company, it must be regarded that they were received by him to plaintiff's use. Lord Ellenborough says broadly, in *Hudson* v. *Richardson*, 4 Mau. & Sel. 478, that " an action for money had and received is maintainable wherever the money of one man has, without consideration, got into the pocket of another." However this may be, it is certain that in many such cases the law implies a promise to pay the money to the real owner. In view of the nature of the contract between the parties in the present case, it must certainly be taken that Holliday agreed with the pledgee that any of the dividends which might be paid to him by the company during the existence of the pledge would be paid over by him to the pledgee on demand.

It is suggested that the written contract of January 18, 1875, between Gaty and Holliday, is inconsistent with the claim that the dividends were to be paid to Gaty. We see nothing in the terms of that contract to modify the effect of the pledge in that respect. We do not say that stock may not be so pledged as not to cover a pledge of the dividends. It is competent for parties to make such an express agreement. But there is no evidence in this case of any such modification of the contract implied in the pledge and delivery of the stock as collateral security for a debt.

The judgment is affirmed. All the judges concur.