By the Court.—Freedman, J.
The position of the defendants towards the plaintiffs, at the time of the collection by them of the dividends, was the same as if the stock of the defendants had been voluntarily pledged by them to the plaintiffs for the debt of Setter & Co. for a larger amount, and the precise question presented for determination therefore is, whether, as between pledgor .and pledgee, a pledge of stock per se includes a pledge of the dividends which may be declared during the life of the pledge. It has been settled, by repeated adjudications, that, as between the parties, the delivery of the certificate, with blank-assignment and power indorsed, passes the entire title, legal and equitable, in the shares, notwithstanding that, by the terms of the charter or by-laws of the corporation, the stock is declared to be transferable only on its books ; that such provisions are intended solely for the protection of the corporation, and can be waived or asserted at its pleasure ; and that no effect is given to them except for the protection of the corporation (McNeil v. Tenth National Bank, 46 N. Y. 325 ; Leitch v. Wells, 48 Id. 585). This being so, and it being elementary law that the increase of property pledged is pledged with the property, the result is that while the plaintiffs, by omitting to register the transfer of the stock to them upon the books of the corporation, occupied in that respect a condition analogous to that of the holder of an unrecorded deed of land, they nevertheless possessed against the defendants a perfect title to the shares represented by the certificate in their possession and indorsed to them in blank (McNeil v. *351 Tenth National Bank), and Netter & Co., and subsequently the defendants, who claim under Netter & Co., became trustees of the plaintiffs as to the nominal title (Johnson v. Underhill, 52 N. Y. 203). If, while this relation existed, the defendants collected dividends on the shares so pledged under a claim of beneficial interest in said shares, they became trustees as to such dividends, for the plaintiffs. They cannot deny plaintiffs’ title, nor can they be treated as adverse claimants, as in Peckham v. Van Wagenen (45 Super. Ct. 328), since affirmed by the court of appeals. The dividends follow the legal title in such a case as between the parties, for, until the corporation is wound up, all there is of a share is a right to future profits or dividends. So it has even been held that under a contract for the sale of stock which amounts to a sale in presentí, and charges the purchaser with interest on the purchase-money from the time of the sale to the time of the delivery, the vendor becomes a quasi trustee for the purchaser from the time of the sale, and the purchaser is entitled to all dividends accruing between the sale and the delivery (Currie v. White, 45 N. Y. 822).
I am therefore of the opinion that the rule as to past dividends applicable to executory contracts for the sale of stock, as laid down in Spear v. Hart (3 Robt. 420), does not apply to the present case; that the case at bar is to be governed by the principles of Bradley v. Root (5 Paige, 632), which is noticed and distinguished in Patrick v. Metcalf (37 N. Y. 332); and that consequently, and especially as the debt of Netter & Co. exceeded the value of the stock pledged, the plaintiffs are entitled to recover from the defendants the dividends collected by the latter.
True, there is an embarrassing feature, inasmuch as it does not clearly appear how the defendants were enabled to collect the said dividends, and from whom they were collected. Prom- the condition of the certifi *352 •cate delivered to the plaintiffs, it would seem that the shares stood in the name of A. C. Yogdes on the books of the company. But whatever the fact may have been in these respects, it is sufficient to know that the defendants in some way collected moneys which they knew did not belong to them, but belonged to the shares of which the plaintiffs held both the possession and the legal title, and that the defendants never were in a position to disturb such possession or to deny such title.
The conclusion arrived at, was reached without xelying on the case of Hill v. Newichawanick Co. (48 How. Pr. 427), on which the plaintiffs laid great stress. In my judgment, the point here involved was not decided by that case. Under the facts of that case the dividends did pass to the pledgee, not by operation of law, but by the consent of the pledgor. This fails to clearly appear in the opinion rendered at special term, but it does appear from the opinion of the general term, reported in 8 Hun, 459.
The defendants’ exceptions should be overruled and judgment ordered for plaintiffs on the verdict, with costs.
Sedgwick, Ch. J., and Truax, J., concurred.