IN THE

# COURT OF APPEALS

OF THE

## STATE OF NEW YORK,

COMMENCING JANUARY 16, 1883.

---

In the Matter of the Application of the SYRACUSE, CHENANGO
AND NEW YORK RAILROAD COMPANY et al.

Under the provision of the Revised Statutes (1 R. S. 603, § 5), authorizing
any person who " may be aggrieved by or may complain of any election"
of directors of a corporation to make application to the Supreme Court
to compel a new election, only some person whose rights have been in-
fringed and who is justly entitled to complain, may institute the proceed-
ings.
Where therefore an application was made under said provision, for a new
election, by one who was not a stock-holder at the time of the election
complained of, but who subsequently received a certificate of stock
from one who took part therein ; held, that the petitioner did not occupy
a position authorizing the interposition of the court in his behalf ;
that even if it be true, as to which quaere, that an illegal election must
be complained of and set aside, in order to enable the court to compel
an election, when the officers of the corporation omit to call a meeting
of stock-holders to elect a new board of directors, the complaint may only
be entertained when made by some aggrieved party who is not himself the
author of the wrong complained of.

(Argued June 13, 1882 ; decided January 16, 1883.)

APPEAL, from order of the General Term of the Supreme
Court, in the fourth judicial department, made April 8, 1882,

SICKELS — VOL. XLVI.     1

which affirmed an order of Special Term directing a new election of directors of the Syracuse, Chenango and New York Railroad Company.

The material facts are stated in the opinion.

*Martin A. Knapp, Irving G. Vann, & Geo. F. Comstock* for appellants. In a proceeding under 1 Revised Statutes, 603, section 5, no one can be heard except a party who presents and names himself as having a grievance, cause or ground of proceeding. (19 Wend. 136.) The just policy of the law forbids that any man shall be heard for relief against any unlawful or fraudulent contract, act or device of his own. (*Nellis* v. *Clark*, 20 Wend. 24.) The petition of Lewis should have been denied because it was not his petition, but was a fraud and deception practiced upon the court in his name, by Burt & Howlett, the real parties. (*Waterbury* v. *Express Co.*, 50 Barb. 168; *Forest* v. *Manchester Co.*, 7 Jur. [N. S.] 887; *Burt* v. *British Ins. Co.*, 5 id. 612.)

*E. W. Paige* for respondent. A corporation can be dissolved only at the suit of the sovereign. (*Denike* v. *N. Y. & R. L. C. Co.*, 80 N. Y. 599.) The proceeding is properly brought by and in the name of the corporation. (*Matter of Pioneer Paper Co.*, 36 How. Pr. 111, 112.)

RAPALLO, J. Although the name of the corporation is used as one of the applicants in this matter, the opposing papers show clearly that it is so used without authority, and that George Lewis, Jr., is in fact the only applicant.

The statute (1 R. S. 603, § 5) under which the application is made, authorizes the proceeding to be instituted by any person, or persons, or body corporate that may "be aggrieved by, or complain of" any election. This does not mean that any person whomsoever who chooses to make a complaint may institute the proceeding, but it must be some person whose rights have been infringed, and who is justly entitled to complain.

We do not think that the applicant Lewis occupies this position. The pretended election, which was set aside by the order appealed from, took place on the 6th day of May, 1881. That was the day appointed by the by-laws of the company for holding the annual election of directors; but the company being then in the hands of a receiver, no preparation had been made for holding an election, and no notice thereof had been given. On the day last named, William L. Burt and a Mr. Howlett, two of the stockholders of the company, met at the office of the receiver, during his absence, without any previous notice of any meeting of stockholders, and pretended to hold the election in question. The outstanding stock of the company consisted of about eighty thousand shares, of $10 each. Mr. Burt was the holder of one share of $10, and Mr. Howlett was the holder of 50 shares of $10 each, on the books of the company. They assumed to organize themselves into a stockholders' meeting, Mr. Howlett being made chairman on motion of Mr. Burt, and Mr. Burt being made secretary on motion of Mr. Howlett, no other stockholders taking part in the proceedings. They assumed to appoint three persons as inspectors, and Mr. Burt voted on his one share, and Howlett on his fifty shares, for thirteen persons as directors, and the so-called inspectors thereupon made a certificate that the persons so voted for had been duly elected directors of the company. At this time the applicant Lewis was not in any form a stockholder of the company, nor has he since become a stockholder on its books, but soon after the 6th of May, 1881, and before the institution of this proceeding, the counsel for Burt and Howlett took to Lewis a certificate for twenty-one shares of $10 each, which Howlett had bought at the request of Burt, and delivered such certificate to Lewis for money paid. This certificate is the sole foundation upon which Lewis asked the interposition of the court, to have said sham election set aside, and a new election of directors held under the direction of the court.

The application was opposed by the appellants, who were the directors in office at the time of the sham election, and

some of whom are large stockholders and bondholders of the company. They concede the invalidity of the pretended election of May 6, 1881, but oppose the ordering of a new election. The contest lying back of the present proceeding appears to have been whether the railroad and property of the company should be sold by the receiver, in which case it is claimed that a large sum could be realized therefor, or whether they should pass under the control of parties who had acquired a majority of the stock at merely nominal prices, and who were alleged to hold the same in the interest of a combination of other companies, with a view of procuring a transfer of the said railroad and property to the combination, on such terms that the interests of those who opposed such a transfer would be sacrificed.

Without entering into the merits of that controversy, we are of opinion that the petitioner did not present himself before the court in such a light as to justify its interposition in his behalf. He was not a stockholder or an elector; and if it be claimed that he represents those from whom he acquired his certificate of stock, the answer is that they are the very parties who committed the wrong which the court was asked to redress. It is said that the object of this proceeding is not simply to set aside the pretended election of May, 1881, but to obtain an election of directors, none having been held for several years, and that the statute (1 R. S. 603) authorizes a new election only when an illegal election has been set aside, and on this ground the order is sought to be sustained. We are not willing to concede that the law is so defective that the directors of a corporation may perpetuate themselves in office by simply omitting or causing the officers of the company to omit to call the necessary meeting of stockholders to elect a new board, and that there is no remedy in such a case unless an illegal election is held. But if it were true that an illegal election must be complained of and set aside, in order to enable the court to compel an election, the complaint should be entertained only when made by some aggrieved party who is not himself the author of the wrong complained of, and we

cannot sanction the device here resorted to, of holding a sham election and then applying on behalf of the very parties who conducted it, to set aside their own illegal proceeding.

The orders of the General and Special Terms should be reversed, and application denied, with costs to be paid by the petitioner Lewis.

All concur.

Ordered accordingly

---

Joseph Bork, Plaintiff in error, *v.* The People of the State of New York, Defendant in error.

Where the doing of any one of several things constitutes an indictable offense an indictment may in a single count group them together and charge the accused with having committed them all, and a conviction may be had on proof of the commission of any one of the acts charged, without proof as to the others.

The act of 1875 (Chap. 19, Laws of 1875), " to provide more effectually for the punishment of peculation and other wrongs affecting public moneys, and rights of property," applies as well to cases where the offender is an officer, agent or servant, having the custody of funds or property charged to have been misappropriated, or owing a special duty in relation thereto, as to a private individual having no official or confidential relation to the State or municipality defrauded.

The legislature has power to provide by an independent statute, like the one referred to, that certain acts of embezzlement, punishable by the existing law, shall constitute a distinct offense, and to affix a severer punishment than that provided by the general law for that class of offenses.

In an indictment under said statute for the unlawful conversion of property, or funds belonging to a municipal corporation by an officer thereof, it is not necessary to aver the fiduciary character of the accused. .

This is a fact, however, proper to be proved on the trial.

Negotiable bonds of a municipal corporation, complete in form and capable of becoming effective instruments in the hands of a *bona fide* holder are although unissued, " property" within the meaning of said act.

*People* v. *Loomis* (4 Denio, 380), distinguished.

On the trial of an indictment under said act, it appeared that the prisoner who was treasurer of the city of Buffalo, as such, received for sale, in accordance with the usual custom, certain negotiable bonds of the city, which the common council had authorized to be issued and sold for city