### In re GEORGE RINGLER & CO.

(Supreme Court, Appellate Division, First Department. June 9, 1911.)

1. CORPORATIONS (§ 282*) — TRUSTEES—ELECTION—QUALIFICATIONS—"STOCK-HOLDER."

Under the statute providing that directors of a corporation shall be stockholders unless otherwise specified in the certificate of incorporation or by-laws, and under a certificate of incorporation providing that no person shall be a trustee of the corporation who is not a holder or owner of at least one share of the corporation's capital stock, the word "stockholder" was not used in the sense of stock owner, and hence one who was a stockholder of record, though not a beneficial owner, was qualified to hold the office of trustee.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1189–1194; Dec. Dig. § 282.*

For other definitions, see Words and Phrases, vol. 7, pp. 6667–6669; vol. 8, p. 7804.]

2. CORPORATIONS (§ 283*)—TRUSTEES—ELECTION.

Where for a series of years all parties interested in a domestic corporation had recognized the eligibility of trustees who were stockholders of record as distinguished from beneficial owners of stock, all the stock of the corporation being beneficially owned by two persons, and in no other way could the corporation have had the necessary number of directors, petitioners were estopped, in the absence of a charge of fraud, to object to the election of trustees by the votes of the same stock now held by them to claim that the trustees elected were disqualified because they were not beneficial owners of the stock.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1195–1235; Dec. Dig. § 283.*]

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Petition by Anna Hachemeister and another, as administrators with the will annexed of Henry Hachemeister, deceased, and by J. Edward Jetter, as substitute trustee under such will, and by Anna Hachemeister individually, to set aside the election of the directors of George Ringler & Co., a domestic corporation. Appeal by petitioners from so much of an order (70 Misc. Rep. 581, 127 N. Y. Supp. 938) of the Special Term as denied their application to set aside the election of certain of the trustees, and by the respondents from so much of the order as granted the application as to certain other trustees. Order affirmed on petitioners' appeal and reversed on respondents' appeal.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

David Leventritt (Maxwell C. Katz, on the brief), for appellants.
W. H. Van Benschoten (Chas. H. Edwards, on the brief), for respondents Geo. Ringler & Co. and others.

SCOTT, J. We have here presented cross-appeals from an order of the Special Term setting aside the election of Isaac Kugelman, Arthur Strauss, and George F. Trommer as trustees of the corporation George Ringler & Co., and denying, for want of power, a motion to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

set aside the selection of John T. Wilson as trustee to fill a vacancy in the board. The application for the order was made by Anna Hachemeister and J. Edward Jetter as administrators c. t. a. of Henry Hachemeister, deceased, and by J. Edward Jetter as substituted trustee under the will of said Henry Hachemeister, deceased, and by Anna Hachemeister individually. It is made under section 32 of the general corporation law (Consol. Laws 1909, c. 23), which authorizes the Supreme Court upon the application of any person or corporation aggrieved by or complaining of any election of any corporation to summarily inquire into the matters complained of and establish the election or order a new election, or make such order or give such relief as justice may require. The particular cause of complaint was that the aforesaid Trommer, Strauss, Kugelman, and Wilson, when elected trustees, were not bona fide beneficial owners of stock in the corporation, being merely the record holders of stock in which they had no beneficial interest. The essential facts, which are undisputed, are as follows: The corporation of George Ringler & Co. was incorporated in the year 1889 under the manufacturing corporations act of 1848. The certificate of incorporation provided that there should be five trustees, and the by-laws provided that no person should be a trustee "who is not the holder or owner of at least one share in the capital stock of this company." As a matter of fact, the whole capital stock, amounting to 6,000 shares, was wholly owned in equal proportions by Henry Hachemeister and George Ringler from 1904 until the death of Henry Hachemeister on July 5, 1907. Thereafter the whole capital stock was owned in equal proportions by William G. Ringler, individually, and by William G. Ringler as executor of and trustee under the will of Henry Hachemeister, until the death of said William G. Ringler in January, 1910. During all this period, therefore, from 1904 to 1910, since there were never more than two bona fide beneficial owners of the stock, there were always three trustees who were nominal stockholders by virtue of stock transferred to them upon the books of the company, the beneficial ownership of which, however, rested in Ringler or Hachemeister, or the estate of the latter. After the death of William G. Ringler in January, 1910, dissentions arose among the owners of the stock. Mrs. Hachemeister and Jetter were appointed administrators c. t. a. of the will of Henry Hachemeister, deceased, and Jetter was appointed substituted trustee under the will. George Ehret, Jr., and George F. Trommer were appointed and qualified as executors of the will of William G. Ringler, deceased.

The election which has been declared invalid was held on October 30, 1909, during the lifetime of William G. Ringler. At that meeting Ringler voted 3,000 shares of stock held by him as executor of the estate of Henry Hachemeister, deceased, and 2,980 shares owned by him individually, and there were elected as trustees William G. Ringler, George F. Trommer, Arthur Strauss, Anna Hachemeister, and Isaac Kugelman. Each of these persons, except Ringler, was the holder of record of 5 shares of stock, which concededly had been transferred to him solely to qualify him to become a trustee, but, except Anna Hachemeister, none of them claimed to be the beneficial owners of the shares, the certificates for which they indorsed as soon

as issued, and intrusted to Ringler, who placed them in his safe, where they were found when he died. Anna Hachemeister alone claims that the five shares were given to her, and that claim is the subject of another litigation, although she too had indorsed her certificate and had handed it to Ringler.

[1] The court below held that under the statute law of the state, whenever it is required that a trustee or director of a corporation must be a stockholder of the corporation, he must own the beneficial interest in the stock standing in his name, and that the mere record ownership of what are known as qualifying shares is not sufficient. It is somewhat surprising that there are so few authorities dealing with this question, because, as every lawyer knows, it has long been the practice to elect as directors of corporations persons whose sole ownership of stock was that of qualifying shares standing in their names of record, but in which they had no beneficial interest. Especially has this been the case of late years where so many business corporations have been formed which are in effect nothing more than incorporated partnerships. The statutes have uniformly provided down to 1901 that directors of corporations must be stockholders, and still so provides unless it be otherwise specified in the certificate of incorporation or the by-laws, but they cast little light upon what shall constitute a stockholder for the purpose of qualification. That he must be a stockholder of record there is no doubt, because the stock book is the primary evidence to the corporation who its stockholders are. N. Y. & N. H. R. Co. v. Schuyler, 34 N. Y. 30–76. This, however, does not answer the question whether or not he must also be the beneficial owner, for the term "stockholder" is as appropriate a description of one who holds stock in which another has the beneficial interest, as it is of one who both holds and owns the stock. The only indication we have of what the Legislature meant by the use of the word "stockholder" as a qualification for a director of an ordinary corporation is the provision which has been made with reference to certain designated corporations. Thus by section 69 of the banking law (Consol. Laws 1909, c. 2), it is provided that no person shall be eligible as a director "unless he is a stockholder owning in his own right an amount * * * of stock." So Fire Insurance Law (Consol. Laws 1909, c. 28) § 110, provides, "if a stock corporation," the director must be an "owner in his own right of * * * five hundred dollars of the stock," and a like provision is made as to directors of marine insurance companies by section 110 of the insurance law. All of those provisions have been in force since prior to 1901. It would seem that in making the foregoing special provisions respecting particular classes of corporations the Legislature considered that merely requiring that a director must be a stockholder was not equivalent to requiring that he must own stock in his own right. And we are justified in referring to these particular requirements as shedding light upon the meaning in which the Legislature used the word "stockholder" in other acts. Smith v. People, 47 N. Y. 339. See, also, State of Nevada v. Leete, 16 Nev. 242; In re Argus Printing Co., 1 N. D. 434, 48 N. W. 347, 12 L. R. A. 789, 26 Am. St. Rep. 639, a case which arose in North Dakota, the statute required directors to be

stockholders, and the court pointed out the distinction between a stockholder, who was a holder of record, and a stock owner, who owned stock not registered in his name on the books of the corporation, holding that the first was eligible to be a director even if the transfer had been made to him solely for qualifying purposes, while the latter was ineligible. To the same effect is Re Leslie, 58 N. J. Law, 610, 33 Atl. 957, where the question was as to the eligibility of a registered shareholder, who had parted temporarily with his stock certificate. The court said:

"The registry of his stock is prima facie evidence of his qualification for the office of director, and his right to be a director can be impeached only by showing that the title of the stock was put in him colorably with a view to qualify him to be a director for some dishonest purpose, in furtherance of some fraudulent scheme touching the organization and control of the company."

In Rosevelt v. Brown, 11 N. Y. 148, it was attempted to hold the defendant liable as a stockholder for the debts of the company. In undertaking to lay down a rule as to who should be considered stockholders the court said:

"A corporation, although it is an artificial existence, must be composed of natural persons who manage and administer its affairs and receive its benefits. These persons are not generally named in the charter of incorporation, and there must be some way of ascertaining who they are. In a joint-stock company they are, and they necessarily must be, those who hold the evidence that they are the owners of the stock. They are called the stockholders, and not the stock owners, and they are generally those who appear upon the transfer books of the company to be stockholders. This must be so, in the case of corporations which are subject to the provisions of the revised statutes. 1 R. S. 604, § 8. As between himself and third parties, the person who appears upon the transfer books to be a stockholder may have parted with all his interest in the stock, but, as between himself and the corporation, such person, and he only, is treated as a stockholder. This is his relation as regards the management of the company and the benefits to be derived from it; and the question is presented here whether he is so as regards the liabilities of the company."

The leading text-book writers, or at least many of them, are agreed in the opinion that the requirement that a director shall be a stockholder is satisfied if he is the registered owner of record on the books of the company of shares of stock, even if he is not the real or beneficial owner of the stock. Cook on Corporations, § 623, says:

"If the charter or statutes require a director to be a stockholder, one who holds stock transferred to him in trust for the express purpose of qualifying him for the position may serve, and, where a person has the right to vote as such a stockholder, he is eligible to any corporate office to which any stockholder is eligible, and accordingly may be elected a director, even if an assignee in bankruptcy has been appointed of his estate. He may obtain stock in any way and become thereby qualified."

Morawetz on Private Corporations, § 506, says:

"The directors of a corporation are generally required to be shareholders by express provision of the company's charter or articles of association. A person is a shareholder within the meaning of a provision of this description if he holds shares on the books of the company, but not if he is merely the holder of a certificate. It has been held that a transferee on the books is eligible, although he is not the real owner of the shares and the transfer was

executed for the sole purpose of making him a director. A different rule might apply where the statute expressly requires directors to be the owners of shares."

In Thompson on Corporations (2d Ed. 1908), in discussing the question of stock transferred to a person to qualify him for a director, it is stated in section 919 as follows:

"Sec. 919. Stock Transferred to Qualify a Person for Director—Effect. As a general proposition the only qualification or requirement of a person for the office of director is that he shall be a stockholder. If the statute, the articles of association, or the by-laws provide any other or different qualification, this must be respected. But, where it is required that a director shall be a stockholder, in the conduct of the election the inspectors or the persons holding the election are not required to look beyond the books of the corporation for the purpose of determining how the stock is held. If the transfer of stock book shows that the person who is a candidate is the owner of the stock, this is sufficient so far as the inspectors are concerned. On this principle the holder of the stock which has been transferred to him in trust for the express purpose of qualifying him for the office of director is qualified. So it has been held that stock may be given to a person to qualify him as director. This doctrine was carried to the extent of holding that shares transferred by the corporation itself to a person qualified him for the office of director, where he agreed to return the shares on the expiration of his office."

In Machen on the Modern Law of Corporations, section 1424 is in part as follows:

"Sec. 1424. In General—Ownership as Trustee—Executor, etc. A regulation requiring directors to own one or more of the corporation's shares is satisfied, in the absence of express provision to the contrary, by an ownership as trustee without any beneficial interest or even by ownership as executor, and, conversely, it is not satisfied by a mere unregistered equitable title to shares. But, where the requirement is that a director shall own stock 'in his own right,' it seems clear that a different result should be reached and that beneficial ownership would be necessary. * * * There is nothing illegal in transferring shares into another's name in order to qualify the latter as director, but with the understanding that he shall hold for the benefit of the transferror."

In Budd v. Munroe, 18 Hun, 316, it appeared that stock in a corporation had been transferred to one Murray simply to qualify him as a director, and it was sought to obtain a ruling from the court that the loan of the stock to Murray simply to qualify him to become a director was against public policy. The court, however, declined to accept this view, but upheld the transfer as legal and proper. In State v. Ferris, 42 Conn. 560, it was held that a stockholder of record was entitled to vote at a corporation meeting, and to be elected to office notwithstanding he had become a bankrupt and the ownership of his stock had passed to his assignee in bankruptcy, who had not yet caused a transfer to be made on the books. The court said:

"It has been repeatedly held by this court that the books and records of a corporation determine who are its stockholders for the time being, and who have the right to vote on the stock, although the same may have been sold or pledged as collateral security. In such cases the party who appears to be the owner by the books of the corporation has the right to be treated as a stockholder, and to vote on whatever stock stands in his name. * * * He was a stockholder so far as the corporation was concerned, and so was R. M. Ferris, inasmuch as the stock stood in their names on the books of the company. Consequently they were eligible to office."

The motion was decided at Special Term principally upon the authority of Chemical National Bank v. Colwell, 132 N. Y. 250, 30 N. E. 644, and there certainly are some expressions in the prevailing opinion in that case which, read without regard to the context, would seem to be opposed to the general trend of authority. The defendant had been a stockholder and director of a corporation holding 80 shares which stood in his name on the books. He wished to surrender all connection with the company, and to that end indorsed his certificate over to Jones, the secretary, stating that that ended his connection with the company. He asked for the transfer book in order to make the transfer on the books, but was informed that the company had none. In a few days a transfer book was obtained and the transfer made, but Jones, without Colwell's knowledge, only transferred 75 shares to himself, taking out a certificate for 5 shares in Colwell's name. The company was then solvent. It afterwards became insolvent, and the action was to hold Colwell liable as a director. The statute required that the directors "at their election, and throughout their term of office shall be shareholders in such corporation, to at least the extent of five shares." The question was whether Colwell had disqualified himself and ceased to be a director when he assigned the shares over to Jones, although he had not actually transferred them on the books. The court was of opinion that he had, and that his attempt to make a transfer on the books, which he was unable to do because there was no transfer book, coupled with his notification to the officers that he severed all relations to the company, presented a sufficient case of disqualification to relieve him of liability as a director. The general question whether the holding on the record of qualifying shares transferred to the holder only for the purpose of qualifying him was sufficient to render the holder eligible to be a director was not discussed or considered. In the light of authority, we are therefore of the opinion that, where there is no evidence of a fraudulent intent, it is a sufficient qualification of a person to be a director or trustee of a corporation (other than a bank or insurance company) if he is a stockholder of record, and that the court will not inquire whether he or some other person is the beneficial owner of the qualifying stock. We are therefore of opinion that Trommer, Strauss, Kugelman, and Wilson, having been stockholders of record when they were elected trustees of the Ringler Company, were eligible to election, and that their election was therefore valid.

[2] Apart from the question thus far considered, we are by no means satisfied that the petitioners should be heard to question the eligibility of the trustees whose title they attack. It appears that during a long series of years all parties interested in the company had recognized the eligibility of trustees who were eligible only because they were stockholders of record; the stock which stood in their name being beneficially owned by Hachemeister or his estate or by Ringler. Indeed, in no other way could the corporation have had the necessary number of directors unless Hachemeister or Ringler had departed from their evident policy of holding all the stock themselves. The trustees now sought to be ousted were elected at the election of October, 1909, by the votes of the very same stock now held by the

petitioners, and upon the strength of which they now move. Under the rule laid down in the Matter of Syracuse, Chenango & New York Railroad Company, 91 N. Y. 1, we do not think that the petitioners, representing the estate of Hachemeister, can be said to have been aggrieved by the election of the challenged trustees, or can call in question the validity of an election in which the representative of the same estate participated in 1909. If it appeared that there had been any fraud about the election to the detriment of the Hachemeister estate, or that the trustees whose election is challenged were elected as part of a scheme to injure that estate or the corporation, the new administrators might perhaps be heard to question the validity of the election, but nothing of that sort appears, or is claimed. All that appears is a contest for the present and future control of the company between two interests each owning an equal number of shares, and the contest as to the eligibility of the challenged trustees seems to be the first move in that contest. Even the petition makes no charge of fraud against William G. Ringler or any of the challenged trustees, but rests solely upon the supposed ineligibility of the latter to hold office. With the petitioner's contention in this regard we are unable to agree.

It follows that the order in so far as appealed from by the petitioners is affirmed and in so far as appealed from by the defendants-appellants is reversed, with $10 costs and disbursements to said defendants-appellants.

INGRAHAM, P. J., and McLAUGHLIN and CLARKE, JJ., concur.

LAUGHLIN, J. (dissenting). This is a special proceeding instituted by petition pursuant to the provisions of section 32 of the general corporation law (chapter 23, Consol. Laws), which are as follows:

"The Supreme Court shall, upon the application of any person or corporation aggrieved by or complaining of any election of any corporation or any proceeding, act or matter touching the same, upon notice thereof to the adverse party, or to those to be affected thereby, forthwith and in a summary way, hear the affidavits, proofs and allegations of the parties, or otherwise inquire into the matters or causes of complaint, and establish the election or order a new election, or make such order and give such relief as right and justice may require."

The petitioners in their representative capacity hold and own 3,000 shares of the capital stock of the corporation, which is one-half of the total issue of stock, and the petitioner Anna Hachemeister individually claims to be the equitable owner of 5 additional shares, which, however, she permitted to be transferred on the books of the company to the respondents George F. Trommer and George Ehret, Jr., as executors of William G. Ringler, deceased, whereupon they surrendered up the certificate, and caused a new one to be issued therefor to said Ehret. The ownership of said 5 shares of stock is the subject of an action now pending in the Supreme Court in Richmond county, brought by said Anna Hachemeister against the corporation and oth-

ers, the issues in which have been referred to Hon. Edward W. Hatch to hear, try, and determine. There can therefore be no question with respect to the standing of the petitioners to institute this proceeding, and I do not understand that their right in that regard is questioned.

The three trustees whose election has been set aside were elected at the annual meeting of the stockholders on the 30th day of October, 1909. The validity of their election was challenged by the petitioners on the ground that they were not eligible for such election, in that they were not stockholders of the corporation at the time. The learned justice who heard the application at Special Term sustained this contention, and I fully agree with his determination with respect thereto.

At the time of their said election as directors, the record title to five shares of the capital stock, as shown by the books of the corporation, stood in the name of each of them, but the uncontroverted evidence shows that they never had any interest or equitable title or ownership therein, and that the only possible legal interest or title that they ever had in the stock was for a moment some time prior to their election when at the instance of William G. Ringler, who owned the stock, an attempt was made to pass the legal title through them, with a view to having them appear as holders of record, and back into him again. With respect to Strauss and Kugelman, this occurred on the 30th day of July, 1907. William G. Ringler, who owned stock in the corporation, surrendered 10 shares to the company, and directed Strauss, who was the bookkeeper, to issue 5 shares in place thereof in the name of each of said Strauss and Kugelman. A certificate for five shares of the capital stock was thereupon issued to Strauss and a like certificate to Kugelman, and Ringler delivered the stock to them, and they immediately executed an assignment thereof indorsed on the back of each certificate to him, and at once delivered the certificates thus indorsed back to him. They gave no consideration for the stock and never had possession thereof, except as stated. The transaction with respect to Trommer was similar, except that it occurred on the 21st day of September, 1909.

Under the well-settled law of this state, the moment that Strauss, Kugelman, and Trommer acquired the legal title to the stock, if this transfer was effectual to transfer it to them, they parted with all their right, title, and interest therein, both legal and equitable, by the assignment and delivery of the certificate to Ringler, and he thereupon became the legal and equitable owner of the stock, notwithstanding the fact that he did not require the corporation to transfer the stock into his name again on its books. Hill v. Newichawanick Co., 48 How. Prac. 427; McNeil v. Tenth National Bank, 46 N. Y. 325, 7 Am. Rep. 341; Leitch et al. v. Wells et al., 48 N. Y. 585. In McNeil v. Tenth National Bank, supra, Rapallo, J., writing for the court, said:

"It has also been settled by repeated adjudications that, as between the parties, the delivery of the certificate, with assignment and power indorsed, passes the entire title, legal and equitable, in the shares, notwithstanding that by the terms of the charter or by-laws of the corporation the stock is declared to be transferable only on its books; that such provisions are intended solely for the protection of the corporation, and can be waived or asserted at its pleasure, and that no effect is given to them except for the protection of the corporation; that they do not incapacitate the shareholder

from parting with his interest, and that his assignment, not on the books, passes the entire legal title to the stock, subject only to such liens or claims as the corporation may have upon it, and excepting the right of voting at elections," etc.

In Leitch et al. v. Wells et al., supra, the Court of Appeals, in deciding the nature of the title acquired by a purchaser of the capital stock of a corporation by a formal legal assignment thereof, without having a transfer made on the books of the company, say:

"The assignment of those certificates and the delivery thereof to the company, with the said powers of attorney, vested the legal title to the stock in the company. A transfer on the books of the banks was not necessary for such purpose."

I doubt whether these transactions were effectual to constitute Strauss, Kugelman, and Trommer stockholders of the company, for the transfers manifestly were made with a view to circumventing the statute, and enabling Ringler to elect dummy directors whose votes he would control (and there was no intention of vesting title in the transferees). See Matter of Glen Salt Co., 17 App. Div. 234, 45 N. Y. Supp. 568, affirmed 153 N. Y. 688, 48 N. E. 1104.

But the broader question presented for decision is as to whether these individuals who once merely and momentarily held the legal title to the stock, but had long since parted with all title, were eligible for election as directors merely because the owner of the stock had failed to demand that it be transferred to his name on the books of the company and permitted it to remain in their names, where the passing of the legal title through them and permitting the stock to remain on record on the corporate books in their names was done solely with a view to qualifying them to act as directors. George Ringler & Co. was incorporated in 1889. At that time section 3 of chapter 40 of the Laws of 1848, as amended by chapter 232 of the Laws of 1883, provided that the stock, property, and concerns of the company should "be managed by not less than three nor more than thirteen trustees, who shall respectively be stockholders in such company," and that annually after the first year they shall be elected "by the stockholders," and that "each stockholder shall be entitled to as many votes as he owns shares of stock in said company." In 1890 the act of 1848, under which the company was incorporated, was superseded by the stock corporation law, being chapter 564, and the particular provisions in question were substantially incorporated in section 20 thereof, with the additional provision that, if a director shall cease to be a stockholder, his office shall become vacant. Said section 20 was amended by chapter 688 of the Laws of 1892, but the amendment made no material change with respect to the point now under consideration. It was again amended by chapter 354 of the Laws of 1901; and therein it was provided that:

"Each director shall be a stockholder unless otherwise provided in the certificate, or in a by-law adopted by a stockholders' meeting."

The certificate of incorporation of this company contains no provision on the subject, and manifestly a provision therein dispensing with the statutory requirement that the trustees should be stockhold-

ers would have been a nullity. Doubtless since said amendment to the statute, made in 1901, it would have been competent for the corporation to have provided by its by-laws that other than stockholders might be trustees, but it has not adopted any by-laws to that effect, and, on the contrary, section 4 of article 4 of its by-laws as originally adopted and never amended expressly provided that no person shall be a trustee who is not the holder or owner of at least one share in the capital stock of this company, and section 2 thereof provides that:

"The transfer by any trustee of his entire stock in the company shall cause the forfeiture by said trustee of his rights as such, and such transfer shall be equivalent to a resignation of such trustee, and thereupon a new election shall be held to fill the place of such trustee in the manner hereinafter designated."

Of course, these by-laws are to be construed in the light of the authority to make them as it then existed, and they cannot in view of the recent change in the law be deemed to authorize one not a stockholder to be a trustee. I am of opinion that by these statutory requirements the Legislature plainly manifested an intention that the corporation should be managed by trustees, each of whom in his own right or in a representative capacity should have a personal and pecuniary interest in the success of the corporation. Matter of Elias, 17 Misc. Rep. 718, 40 N. Y. Supp. 910; C. N. Bank v. Colwell, 132 N. Y. 250, 30 N. E. 644; Sinclair v. Fuller, 158 N Y. 607, 53 N. E. 510.

The provisions of section 25 of the act under which the brewery was incorporated, to the effect that no transfer of the capital stock of the company shall be valid for any purpose except to render the person to whom it is transferred liable for the debts of the company according to the provisions of the act until it shall have been entered on the records of the company as therein provided, have, as already observed, no effect on passing the entire title between the assignor and assignee, and it was so held by the Court of Appeals in construing this identical statutory provision. Johnson v. Underhill, 52 N. Y. 203. The only effect of a failure to have the transfer made on the books of the company is to regulate the rights and liabilities of the assignor and assignee of the stock as between them and the corporation and its creditors, and to protect it in the payment of dividends and in the giving of notices of corporate meetings, and in determining who are entitled to vote on the stock, although in such case the assignee could doubtless enjoin the assignor from voting on the stock. Johnson v. Underhill, supra; McHenry v. Jewett, 26 Hun, 453, reversed on another point 90 N. Y. 58; Commercial Bank of Buffalo v. Kortright, 22 Wend. 348, 34 Am. Dec. 317; In the Matter of Long Island R. Co., 19 Wend. 37, 32 Am. Dec. 429; N. Y. & N. H. R. R. Co. v. Schuyler et al., 34 N. Y. 30, 76, 79; Shellington v. Howland, 53 N. Y. 371; Sinclair v. Fuller, 158 N. Y. 607, 53 N. E. 510; Elyea v. Lehigh Salt Mining Co., 169 N. Y. 29, 67 N. E. 992. Where the eligibility of a director is called in question by this summary remedy which is in the nature of quo warranto, he must, to sustain his right, show something more than that he was formerly for a moment the legal owner of stock.

I do not deem it necessary to consider at length the claim of estoppel, for, where the Legislature has prescribed the qualifications essential to eligibility to the office of a director or trustee of a corporation, I think it is the duty of the court on the application of a stockholder to enforce the statute, regardless of the prior conduct of the stockholders with respect to like questions, for the courts should not assist parties in conducting a copartnership with only the liability of stockholders of a corporation. The beneficial owners of the stock now represented by the petitioners should not be held estopped by the action of William G. Ringler whose interest was adverse to theirs in voting their stock as executor.

I am of opinion, however, that the court erred in holding that it was without power to oust the trustees Ehret and Wilson, who were subsequently elected in the place of a deceased director, and in the place of one whom it is claimed ceased to be a director by the transfer of stock. Those two trustees were elected, and could only have been elected by the votes of the three directors whose election was void on the ground that they were ineligible. The purpose of the statute was to authorize the court to inquire into a corporate election of directors and to determine the validity thereof "or any proceeding, act, or matter touching the same." I think that a subsequent election of a director by a board the majority of whom were illegally elected at a corporate election is an act or matter touching the corporate election of directors within the scope of said section 32 of the general corporation law. The two directors thus elected were ineligible for the reason that they had no right, title, or interest, legal or equitable, in any stock of the corporation at the time and were merely stockholders of record, the same as the others to whom reference has been made, for the purpose of qualifying them as directors.

I therefore vote to reverse so much of the order as is appealed from by the petitioners, and to affirm that part of the order from which the other appellants appeal.