WALTER MANDEL, complainant-appellant,

*v.*

NORTH HUDSON INVESTMENT COMPANY, defendant-respondent.

[Submitted May 26th, 1933. Decided September 27th, 1933.]

*Messrs. Rinaldi & Shanley (Mr. G. Frank Shanley,* of counsel), for the appellant.

*Messrs. Insley, Vreeland & Decker (Mr. Hamilton Cross,* of counsel), for the respondent.

The opinion of the court was delivered by

BROGAN, CHIEF-JUSTICE.

This is an appeal from an order made in the court of chancery upon the following state of facts.

The North Hudson Investment Company had for some time been indebted to the Union City National Bank for money advanced to it by the bank on its notes, which were secured by certain shares of stock of the Commonwealth Trust Company, a banking corporation of New Jersey.

In the course of time the Union City National Bank became

insolvent and the comptroller of the currency of the United States appointed a receiver. The North Hudson Investment Company likewise became insolvent and a receiver was appointed in our own court of chancery.

The receiver of the Union City National Bank found among its assets the notes of the North Hudson Investment Company and the three hundred shares of stock of the Commonwealth Trust Company pledged as collateral security to the notes. The stock so held had not been transferred on the books of the Commonwealth Trust Company to the name of the pledgee but still remained in the name of the pledgor, North Hudson Investment Company, as owner of record. On January 1st, 1932, and again on April 1st, 1932, the Commonwealth Trust Company declared a dividend on its capital stock and paid it over to Willard M. Brown, receiver of the North Hudson Investment Company, the record owner.

The receiver of the Union City National Bank petitioned the court of chancery for an order directing the receiver of the North Hudson Investment Company to turn said dividends over to him for the benefit of the Union City National Bank. The court denied the petition, holding that in the absence of any agreement as to dividends on the securities so pledged as collateral, the pledgor is entitled to the dividends until a transfer of the stock is made on the books of the corporation in favor of the pledgee. In this we think the court of chancery was in error, and the order made must be reversed.

The right to receive dividends is in the pledgee during the period of the pledge. *Cf. 7 Thomp. Corp. (3d ed.) § 5324.*

The rule is the same as in the case of the right to dividends between transferor and transferee. Thus a pledgee is protected in the same fashion as a transferee of stock and the dividends declared during the life of the pledge belong to him. This is the rule even though his interest as pledgee does not appear on the books of the corporation. *Gemmell v. Davis, 75 Md. 546; 23 Atl. Rep. 1032; 32 Am. St. Rep. 412; Farquhar v. Canada-Atlantic, &c., S. S. Co., 212 Mass. 273; 98 N. E. Rep. 1036; Hill v. Newichawanick Co., 71 N. Y. 593.* Indeed the pledgee is entitled to dividends as

against the corporation declaring them even though the corporation have a lien which accrued after the stóck had been pledged. The pledgee is entitled to receive dividends on stock pledged unless such right is expressly reserved by the pledgor at the time the pledge was made. Some cases have gone so far as to hold that if the pledgor receives dividends after he has pledged his stock he will be liable to account to pledgee for dividends so received until the debt for which the stock was pledged has been satisfied. *Gaty* v. *Holliday, 8 Mo. App. 118*. The want of transfer on the books of the corporation issuing the stock is immaterial. When the property is pledged the general understanding perforce must be that the increase of the property is pledged with it and this applies to dividends that accrue on stock when it is held in pledge and entitles the pledgee to receive them and apply them on the amount due from the pledgor. The rule is thus laid down in *7 R. C. L. 293 § 268:* "As between the pledgor and pledgee of stock, the dividends declared during the continuance of the pledge belong to the pledgee, and this is true although the pledgee has failed to procure registration on the books of the corporation. The pledgee not only has a right, but is in duty bound, to collect dividends on the stock and apply them to the debt for which the stock is pledged, or to hold them as due from the pledgor. The rule is thus laid down in *7 R.* the hands of the person who is the legal holder of the stock. While the general property in the stock remains in the pledgor, the pledgee has such a title therein as would authorize and require him to collect the dividends." See, also, *45 L. R. A. 394; 12 L. R. A. 783; 14 C. J. 822 § 1243; Union Trust Co.* v. *Hasseltine, 200 Mass. 414; 86 N. E. Rep. 777; 16 Am. Cas. 123.*

The general rule is, and there is no authority cited to the contrary, that a pledgee may collect the dividends due on corporate stock as against the pledgor. See cases cited in *22 Am. & Eng. Encycl. L. (2d ed.)* §§ *895, 896;* also *Cent. Dig. tit. "Corporations" § 569; Dec. Dig. § 123,* and *Cent Dig. tit. "Pledges" § 129.*

The decree of the court of chancery, therefore, will be reversed with the direction that an order allowing the prayer of the petition be entered.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ.   14.