## In re E. W. HAYS & CO.

District Court, W. D. Kentucky.
Sept. 16, 1935.

Walter P. Lincoln, of Louisville, Ky., for petitioner.

William S. Kammerer, of Louisville, Ky., for bankrupt.

HAMILTON, District Judge.

Gates F. Young, a deputy banking commissioner, and liquidator of the Bankers Trust Company, has filed in this action a petition praying the court to enter an order directing the trustee of the bankrupt to pay to him $1,575 interest collected on $15,000 par value of United Electric Coal Company bonds, which were pledged as collateral security with other stocks and bonds on a note that E. W. Hays & Co., a partnership, owed the Bankers Trust Company, the payment of which was subsequently assumed by the bankrupt, E. W. Hays & Co., a corporation. The petitioner claims that, by reason of the bonds being pledged to the Bankers Trust Company as collateral, it is entitled to the interest collected on the bonds until its indebtedness is paid in full, which has not yet been done.

The trustee for the bankrupt resisted the petition of the liquidator on the ground (1) that the petition is a claim against the bankrupt and is barred by the statute of limitations, provided in section

57n of the Bankruptcy Act (11 USCA § 93 (n), and under an order of this court entered on September 29, 1932, which required all claims to be proven against the bankrupt within six months; (2) that the bankrupt is not indebted to the Bankers Trust Company in any sum, and that it does not have in its possession, nor does its liquidator have the bonds on which the interest was collected, and that these bonds were not pledged to it at the time the collection was made; and (3) that the bankrupt was organized under laws of Kentucky in 1931, at which time it took over the assets and assumed the liabilities of E. W. Hays & Co., a partnership, and that a majority of the members of the partnership became the stockholders of the bankrupt.

It is then alleged that the partnership became indebted to the successor corporation, the bankrupt, in excess of $20,000, and to secure this indebtedness the partnership agreed that the successor corporation, now the bankrupt, should have the interest on the United Electric Coal Company bonds, and, under the agreement with the partnership, the trustee has collected the interest on these bonds and is entitled to it adversely to the liquidator of the bank.

It further states that the bonds out of which the interest was realized have been registered in the name of the Old Dominion Corporation, E. W. Hays & Co., Lincoln Bank & Trust Company, and never in the name of the Bankers Trust Company. It is also alleged that the claimant has been guilty of laches in not earlier presenting its claim for the interest.

The claim of the liquidator is not barred by the statute of limitations. Nauman Company v. Bradshaw (C. C. A.) 193 F. 350; In re Zimmerman et al. (D. C.) 4 F. Supp. 801.

The liquidator filed his claim in these proceedings on February 23, 1932. He was at least entitled to all the interest collected on these bonds after the date of filing. Mandel v. North Hudson Investment Company, 114 N. J. Eq. 336, 168 A. 432.

It follows that the petitioner, Gates F. Young, liquidator of the Bankers Trust Company, is entitled to the $1,575 in the hands of the trustee, and the demurrer should be sustained to the response. The trustee, declining to plead further, an order may be entered directing the trustee to pay to the petitioner $1,575.