ADOLPHUS BUSCH, III, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 2078–2088.   Promulgated March 31, 1944.

---

[1] Catherine Milliken Busch; Herbert Douglas Condie, Jr., and Marie Eleanor Condie; August A. Busch, Jr.; Marie Busch Jones; Willis D. Hadley and Jacqueline Hadley; Jacqueline Jones Hadley; Alice Busch Tilton; Clara Busch Orthwein; and Adolphus Busch Orthwein.

*Harry W. Kroeger, Esq.*, and *Frank H. Fisse, Esq.*, for the petitioners.

*W. Frank Gibbs, Esq.*, and *J. E. Marshall, Esq.*, for the respondent.

OPINION.

KERN, *Judge*: The principal issue presented in these proceedings is whether the Commissioner erred in his determination that the income from certain shares of stock held by the several trusts involved here, and applied by the trustees to the payment of the indebtedness for which the shares had been pledged as security prior to their transfer to the trusts, was, under the facts, taxable to the beneficiaries rather than to the trusts, as petitioners contend.

The secondary question, which will be resolved by our decision of the primary issue, concerns the validity of the penalty assessed against one petitioner for failure to file a return in 1939. If the income under consideration is taxable to petitioners, then the penalty is properly assessed against the petitioner, who failed to file a return in 1939; if not, then he was not required to file a return, and the penalty can not be upheld.

The facts are fully set out in our findings, and there is no necessity for reiteration here. A careful consideration of them in their proper relationship to each other leads to the conclusion that the respondent must be sustained in his position.

The respondent contends that where the beneficiary has a right to the income of a trust on merely making a written request therefor, thus having unfettered command of it, it is taxable to him, relying on *Corliss* v. *Bowers*, 281 U S. 376, and *Helvering* v. *Horst*, 311 U. S. 112.

It is the petitioners' position that the income here in question was not at any time subject to their unfettered command, since it was subject to a preexisting right of the bank to have the shares transferred to its name, thus enabling it, at any time it chose, to receive the dividends direct.

But this position does not give effect to the provision in the collateral agreement, quoted in our findings, that the dividends should at all times belong to the owners of the equitable title to the trust shares. It should be borne in mind that only the shares themselves were pledged; the dividends to be declared thereon were not, but were, on the contrary, specifically declared to be the property of the equitable owners.

It is the general rule that where a pledgee has the right to have pledged shares transferred to its own name, it may receive, for application on the debt, any dividends which may thereafter be declared thereon. *Railroad Credit Co.* v. *Hawkins*, 80 Fed. (2d) 818; certiorari denied, 298 U. S. 667; Fletcher Cyclopedia Corporations, vol. 11, sec. 5382; *Mandel* v. *Hudson Investment Co.*, 168 Atl. 432. But that rule would certainly not prevail where, as here, the pledge agreement itself expressly provides that the dividends should belong to the owner. *Guarantee Co. of North America* v. *East Rome Town Co.*, 96 Ga. 511; 23 S. E. 503; *Gaty* v. *Holliday*, 8 Mo. App. 118; *Fourth National Bank* v. *Manchester Real Estate Co.*, 77 N. H. 481; 93 Atl. 661; *Farmers Bank* v. *Mosher*, 63 Neb. 130; 88 N. W. 552. In such a case, while the pledgee, by causing the shares to be transferred, might possibly place itself in position to receive the dividends, as between itself and the issuing corporation, it would obviously not be entitled to retain them or apply them on the debt, but would be required, by its own agreement to pay them over to the pledgor.

It seems clear, then, that in this instance, the dividends declared on the shares belonged to the trust, assuming the trust to have been the equitable owner referred to in the pledge agreement. Belonging to the trust, they became immediately subject to the command of the petitioners, by virtue of the terms of the original trust indentures. They are, therefore, taxable to the petitioners. If it be argued that by the term "equitable owner" the instrument referred to the beneficiaries themselves, rather than to the trust, the tax effect would be exactly, but more directly, the same. Upon this issue we decide in favor of the respondent.

It follows that the penalty against the petitioner in Docket No. 2088 was properly assessed.

*Decision will be entered under Rule 50.*